**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS MARTIN on behalf of himself and others similarly situated, | ) ) | 1:10-cv-7725 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| | ) | JURY DEMANDED |
| BUREAU OF COLLECTION RECOVERY, LLC, | ) | |
| Defendant. | ) ) | |

**COMPLAINT**

**CLASS ACTION**

1.      Plaintiff Nicholas Martin brings this action against Bureau of Collection Recovery, LLC ("BCR") to secure redress for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.

2.      The defendant debt collection agency has engaged in multiple impermissible autodialed and prerecorded message "robocalls" to plaintiff and others' cell phones, in violation of 47 U.S.C. §227(b).  It called plaintiff more than forty one times using this illegal equipment after plaintiff requested that he not be contacted by telephone.

3.      What is more, none of the nineteen prerecorded messages BCR left on plaintiff's cellular telephone voice mail for which plaintiff has copies disclose that BCR is a debt collection agency, as required by the FDCPA, 15 U.S.C. §1692e(11).

1

**JURISDICTION AND VENUE**

4.      The Court has federal question jurisdiction over the FDCPA and TCPA claims.  *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).  If Brill were to be abrogated or overruled, there is supplemental jurisdiction over the TCPA claims.

5.      Venue is proper because a substantial portion of the events complained of occurred in this District.

**PARTIES**

6.      Plaintiff is an individual who resides in this District.

7.      BCR is a debt collection agency located in Minnesota.

**FACTS**

8.      The TCPA prohibits the use of "automatic telephone dialing systems" to call cellular telephones.  The Federal Communications Commission ("FCC") has held that any telephone system that has "the capacity to dial numbers without human intervention" falls within the prohibition in 47 U.S.C. § 227(b).  *In re Rules and Regulations Implementing the TCPA*, GC Docket 02-279, ¶ 13 (January 4, 2008).

9.      For purposes of this complaint, the term "Dialer" refers to a system that has the capacity to dial numbers without human intervention.  In other words, the Dialer, rather than a human being, dials the telephone numbers.

10.     Upon information and belief, based upon Exhibit A, BCR has at least four telephone systems that it uses for calling debtors, all of which are located in Minnesota; two in Edina, Minnesota and two in Eden Prairie, Minnesota.

2

11.     Each of BRC's four "Avaya" telephone systems listed in Exhibit A are "Dialers" as defined above.

12.     Upon information and belief, most of the telephone calls made through BCR's Dialers are made as part of a dialing campaign.  This means that a representative of BCR selects a group of persons or accounts to call based upon certain criteria.

13.     The Dialer(s) then intelligently decide when a debt collection call will likely be effective to collect a debt for a particular debtor/number (for example, when the debtor is likely near her telephone), and dials the telephone numbers according to this determination.

14.     When someone answers a call made during a campaign, either the call is forwarded to an operator (likely to happen if there is an operator available), or a prerecorded message is played.

15.     On August 13, 2010, plaintiff called BCR.  BCR immediately identified plaintiff's incoming phone number, as that of plaintiff.  Plaintiff told the BCR representative that it should change its address for him, and that he could be reached by mail at a post office box address.  The representative told plaintiff that a validation letter would be sent to that address, and indicated that plaintiff's address had been updated in defendant's system.

16.     That same day, after the phone call, plaintiff made a written demand that BCR cease calling him.  Plaintiff's fax requested verification of the debt, and also stated, among other things, "please take notice that any phone calls are inconvenient.  As such, please refrain from placing such calls."

17.     Upon information and belief, based upon the fax transmission verification report, defendant received this fax.

3

18.  Despite having received the fax, defendant called plaintiff on numerous occasions.

19.  BCR called plaintiff using its Dialer on 8/13/2010 at approximately 17:20.

20.  BCR called plaintiff using its Dialer on 8/16/2010 at approximately 19:23.

21.  BCR called plaintiff using its Dialer on 8/17/2010 at approximately 20:22.

22.  BCR called plaintiff using its Dialer on 8/19/2010 at approximately 19:05.

23.  BCR called plaintiff using its Dialer on 8/20/2010 at approximately 18:38.

24.  BCR called plaintiff using its Dialer on 8/23/2010 at approximately 17:12.

25.  BCR called plaintiff using its Dialer on 8/24/2010 at approximately 18:23.

26.  BCR called plaintiff using its Dialer on 8/25/2010 at approximately 15:32.

27.  BCR called plaintiff using its Dialer on 8/26/2010 at approximately 15:28.

28.  BCR called plaintiff using its Dialer on 8/27/2010 at approximately 15:23.

29.  BCR called plaintiff using its Dialer on 8/30/2010 at approximately 19:37.

30.  BCR called plaintiff using its Dialer 8/31/2010 at approximately 19:23.

31.  BCR called plaintiff using its Dialer on 9/3/2010 at approximately 16:44.

32.  BCR called plaintiff using its Dialer on 9/7/2010 at approximately 20:07.

33.  BCR called plaintiff using its Dialer on 9/8/2010 at approximately 16:56.

34.  BCR called plaintiff using its Dialer on 9/10/2010 at approximately 15:47.

35.  BCR called plaintiff using its Dialer 9/12/2010 at approximately 16:07.

36.  BCR called plaintiff using its Dialer on 9/14/2010 at approximately 16:08.

37.  BCR called plaintiff using its Dialer 9/16/2010 at approximately 19:27.

38.  BCR called plaintiff using its Dialer on 9/20/2010 at approximately 16:45.

39.     BCR called plaintiff using its Dialer 9/21/2010 at approximately 18:17.

40.     BCR called plaintiff using its Dialer on 9/22/2010 at approximately 17:16.

41.     BCR called plaintiff using its Dialer on 9/23/2010 at approximately 14:51.

42.     BCR called plaintiff using its Dialer on 9/24/2010 at approximately 9:49.

43.     BCR called plaintiff using its Dialer on 9/27/2010 at approximately 10:05.

44.     BCR called plaintiff using its Dialer on 9/28/2010 at approximately 16:17.

45.     BCR called plaintiff using its Dialer on 9/29/2010 at approximately 9:00.

46.     BCR called plaintiff using its Dialer on 9/30/2010 at approximately 19:56.

47.     BCR called plaintiff using its Dialer on 10/4/2010 at approximately 9:43.

48.     BCR called plaintiff using its Dialer on 10/5/2010 at approximately 19:20.

49.     BCR called plaintiff using its Dialer on 10/7/2010 at approximately 12:04.

50.     BCR called plaintiff using its Dialer on 10/12/2010 at approximately 10:16.

51.     BCR called plaintiff using its Dialer on 10/13/2010 at approximately 15:38.

52.     BCR called plaintiff using its Dialer on 10/20/2010 at approximately 19:06.

53.     BCR called plaintiff using its Dialer on 11/2/2010 at approximately 20:16.

54.     BCR called plaintiff using its Dialer on 11/5/2010 at approximately 9:20.

55.     BCR called plaintiff using its Dialer on 11/17/2010 at approximately 19:18.

56.     BCR called plaintiff using its Dialer on 11/18/2010 at approximately 19:32.

57.     BCR called plaintiff using its Dialer on 11/29/2010 at approximately 19:08.

58.     BCR called plaintiff using its Dialer on 11/30/2010 at approximately 20:16.

59.     In addition, there are almost certainly more calls of which plaintiff is not aware.

60.     Upon information and belief, BCR used one of the Dialers described in Exhibit A for each of these calls.

61.     Upon information and belief, defendant has called more than 100 cellular numbers within the 630 area code in 2010, using one of its Dialers.

# COUNT I – TCPA

62.     Plaintiff incorporates all previous paragraphs of this complaint.

63.     It is a violation of the TCPA, 47 U.S.C. §227(b) to call a person's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice message.

64.     Plaintiff and the class are entitled to have their rights, status and legal relations under the TCPA relating to defendant's calling of cell phones using an automatic dialing system and/or artificial or prerecorded voice message.

65.     The defendant's calls were negligent, or alternatively, they were willful.   47 U.S.C. §312(f)(1).

## **Class Allegations**

66.     Plaintiff brings Count I on behalf of a class and a subclass, which consists of:

All persons with area code 630 telephone numbers who defendant or some person on its behalf called on their cell phone using a Dialer and prerecorded or artificial voice message, where defendant cannot prove that it had the prior express consent of the called party, where any call was made between and including December 6, 2006, and December 6, 2010.

Plaintiff alleges a subclass of persons who defendant called using the proscribed equipment after defendant had been instructed to stop calling.

67.     Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiff. Such questions common to the Class include, but are not limited to:

a.      Whether defendant used an automatic telephone dialing system or prerecorded or artificial voice message as those terms are defined in the TCPA and applicable FCC regulations and orders; and

b.      Damages, including whether the violation was willful.

68.     Plaintiff will fairly and adequately protect the interests of the class.  Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing his claims vigorously, and has retained counsel competent and experienced in class and complex litigation.

69.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

70.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

71.     Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole.  Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would

likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

72.     The identity of the class is likely readily identifiable from defendant's records.

73.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of himself and the class and against defendant that provides the following relief:

a.     Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful;

b.     A permanent injunction prohibiting defendant from violating the TCPA in the future through calling cellular phones using an automatic telephone dialing system and/or a prerecorded voice message; and

c.     Any other relief the Court finds just and proper.

# COUNT II – FDCPA

74.     Plaintiff incorporates all previous paragraphs of this complaint.

75.     Defendant left voice mails for plaintiff that did not include the "we are a debt collector" language required by 15 U.S.C. §1692e(11), and therefore violated the FDCPA.

76.     Defendant also continued contacting plaintiff, even though it had actual knowledge he had not received notice pursuant to section 1692g.  Upon information and belief, based upon the fact that plaintiff never received one, defendant never sent a § 1692g validation  letter to plaintiff's PO box.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of himself against defendant that provides the following relief:

    a. Statutory damages;

    b. Attorney's fees and costs of suit; and

    c. Any other relief the Court finds just and appropriate.

Respectfully submitted,

Alexander H. Burke

Alexander H. Burke

**BURKE LAW OFFICES, LLC**

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**JURY DEMAND**

Plaintiff demands trial by jury.

Alexander H. Burke

Alexander H. Burke

**BURKE LAW OFFICES, LLC**

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

## <u>DOCUMENT PRESERVATION DEMAND</u>

Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, emails, recordings, documents and all other tangible things that relate to the allegations herein, plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

<u>/s/Alexander H. Burke</u>

# Exhibit A

# Public Utility Commission Of Texas

## ADAD Registration
### Project 37833

RECEIVED
10 JUL 29 PM 12:53
PUBLIC UTILITY COMMISSION
FILING CLERK

## Company Information

**Company Name:** BUREAU OF COLLECTION RECOVERY LLC

**PUC Tracking No.:** AD060070

**Organization Type:** Limited Liability Company, L.L.C

### Electronic Submissions:

**Last Submitted:** Never Submitted

**Submissions:** 0

NOTE: For changes to business entity, state of incorporation, identification numbers, or business or professional certificates please convey information in the note field in the Affirmation section below. Thank you.

### Additional Names

**Add Record**

| Action | Company/DBA/Additional Names Information |
|--------|------------------------------------------|
|        |                                          |

## Company Addresses and Contact Information

**Add Record**

| Action | Address Information |
|--------|---------------------|

**Company / Physical          Non Emergency**          EDIT ✕

**Company:** BUREAU OF COLLECTION RECOVERY LLC
**Contact:** SAMEER MAINI
**Title:**
**Address1:** 7575 CORPORATE WAY
**Address2:**
**City, St Zip:** EDEN PRAIRIE   MN , 55344
**Website:** www.bureauofcollection.com
**Email:** smaini@bureauofcollection.com
**Main:** (952) 259-1162          **Home:**
**Toll-Free:**          **Cell:**
**Fax:** (952) 259-1191

## Adad Units

**Add Record**

| Action | Address Information |
|--------|---------------------|

✕
**Provider:** Nobel Biz, Global Crossing          **Manufacturer:** AVAYA          EDIT
**Serial No:** VERSION 12-5000          **FCC/ACTA Registration No:** AWYUSA-7400-MA-T

**ADAD Physical Address**
**Company:** BUREAU OF COLLECTION RECOVERY LLC          **Main:** (952) 259-1162
**Contact:** SAMEER MAINI          **Alternate:**
**Address1:** 7575 CORPORATE WAY          **Fax:** (952) 259-1191
**Address2:**          **Cell:**
**City, St Zip:** EDEN PRAIRIE   MN , 55344          **Home:**
**Website:**          **Email:** smaini@bureauofcollection.com

✕

284

| | | |
|---|---|---|
| **Provider:** NOBEL BIZ, | **Manufacturer:** AVAYA | |
| **Serial No:** 5000 VERSION 12 | **FCC/ACTA Registration No:** AV1USA-28011-MA-T | **EDIT** |
| **ADAD Physical Address** | | |
| **Company:** BUREAU OF COLLECTION RECOVERY LLC | **Main:** (952) 259-1162 | |
| **Contact:** SAMEER MAINI | **Alternate:** | |
| **Address1:** 7575 CORPORATE WAY | **Fax:** (952) 259-1191 | |
| **Address2:** | **Cell:** | |
| **City, St Zip:** EDEN PRAIRIE  MN , 55344 | **Home:** | |
| **Website:** | **Email:** smaini@bureauofcollection.com | |

| | | |
|---|---|---|
| ✎ | | ✕ |
| **Provider:** TWTelecom Nobel Biz | **Manufacturer:** Avaya | |
| **Serial No:** 5000 version 12 | **FCC/ACTA Registration No:** AV1USA-7400-MA-T | **EDIT** |
| **ADAD Physical Address** | | |
| **Company:** TW TELECOM | **Main:** (952) 259-1162 | |
| **Contact:** SAMEER MAINI | **Alternate:** | |
| **Address1:** 5480 FELTL ROAD | **Fax:** | |
| **Address2:** | **Cell:** | |
| **City, St Zip:** MINNETONKA  MN , 55343 | **Home:** | |
| **Website:** | **Email:** smaini@bureauofcollection.com | |

| | | |
|---|---|---|
| ✎ | | ✕ |
| **Provider:** Tw Telecom, Nobel Biz | **Manufacturer:** AVAYA | |
| **Serial No:** 5000 VERSION 12 | **FCC/ACTA Registration No:** AV1USA-7400-MA-T | **EDIT** |
| **ADAD Physical Address** | | |
| **Company:** TW TELECOM | **Main:** (952) 259-1162 | |
| **Contact:** SAMEER MAINI | **Alternate:** | |
| **Address1:** 5480 FELTL ROAD | **Fax:** | |
| **Address2:** | **Cell:** | |
| **City, St Zip:** MINNETONKA  MN , 55343 | **Home:** | |
| **Website:** | **Email:** smaini@bureauofcollection.com | |

## Adad Data File Uploader

Please Note: This form is provided for non-confidential, web-based submissions. All confidential submissions should be made on physical media labeled with your company's tracking number. Click here for more information. Two identical diskettes/CDs with the 10 digit telephone number and county location for each line are still required. If there are **5 or less** you may enter this information in the comments fields.

[ ] [Browse...]

Uploaded Files:

## Affirmation

| Record Saved | 7/12/2010 5:43:55 PM | EDIT |
|---|---|---|

💾 **Save Section**

**By submitting this report, I swear and affirm that all statements and representations submitted herein are true and correct to the best of my knowledge.**

Save a record — After Editing the sections, you MUST select the grey disk icon to complete the save record.

Show Help — Toggle the help section ON or OFF.

**Comments:**

**Name:** Leanne Kopischke

**Title:** Vice President

**Affirm Date:** 7/12/2010 5:43:55 PM

Registration Has Been Submitted!
PRINT THREE COPIES OF THIS FORM TO BE FILED IN CENTRAL RECORDS