**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS MARTIN on behalf of himself and others similarly situated, | ) ) | 1:10-cv-7725 |
| Plaintiff, | ) | Judge St. Eve |
| | ) | Magistrate Judge Gilbert |
| v. | ) | |
| | ) | JURY DEMANDED |
| BUREAU OF COLLECTION RECOVERY, LLC, | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S PRELIMINARY MOTION FOR CLASS CERTIFICATION**

Plaintiff respectfully requests that, pursuant to both Fed.R.Civ.P. 23(b)(2) and 23(b)(3),

this Court certify this case as a class action for two classes of similarly situated persons:

> All persons with area code 630 telephone numbers who defendant or some person on its behalf called on their cell phone and used a prerecorded or artificial voice message, where defendant obtained the phone number called through skip tracing or other similar means and cannot show that it had the prior express consent of the called party, where any call was made between and including December 6, 2006, and December 6, 2010.

> Plaintiff alleges a subclass of persons who defendant called using the proscribed equipment after defendant had been instructed to stop calling or that it was calling the wrong number.

Plaintiff further requests that the Court appoint plaintiff Nicholas Martin as the class

representative, and Burke Law Offices, LLC as class counsel.

In further support of this motion, plaintiff states:

1.      Plaintiff Nicholas Martin brings this action against Bureau of Collection Recovery,

LLC ("BCR") to secure redress for violation of the Telephone Consumer Protection Act, 47 U.S.C.

§ 227 ("TCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.

1

2.      The TCPA, 47 U.S.C. §227(b) prohibits calling cell phones using autodialers and/or prerecorded messages; so-called "robocalls." *Sengenberger v. Credit Control Services, Inc.*, 2010 WL 1791270 (N.D.Ill. May 5, 2010) (Zagel, J.).

3.      The TCPA is a strict liability statute, and there is no "bona fide error" defense available, *CE Design Ltd. v. King Architectural Metals, Inc.*, __ F.3d__, 2011 WL 938900, at * 1 (7th Cir. March 18, 2011); *Hicks v. Client Services, Inc.*, 2009 WL 2365637 (S.D.Fla. June 9, 2009) (summary judgment entered in favor of plaintiff); *Powell v. West Asset Management, Inc.*, 1:10-cv-7852, 2011 WL 1126040 (N.D.Ill. March 24, 2011) (striking "mitigation of damages" affirmative defense).

4.      Numerous TCPA class actions have been certified.  Two such certifications, *Balbarin v. North Star Capital Acquisition*, LLC, 2010 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill. Jan. 5, 2011), and *Mitchem v. Illinois Collection Service*, 2009 C 7274, 2011 U.S. Dist. LEXIS 714 (N.D. Ill. Jan. 3, 2011) were §227(b) autodialer/prerecorded message cases against debt collection agencies, and are analogous to this case.

5.      So-called "junk fax" TCPA cases, which are regularly certified in this District, are also analogous to this one.  The Seventh Circuit recently refused to reverse Judge Bucklo's certification of a TCPA "junk fax" case on any ground other than the adequacy of the questionably truthful class representative in *CE Design Ltd. v. King Architectural Metals, Inc.*, __ F.3d__, 2011 WL 938900 (7th Cir. March 18, 2011).  While the District Judge was instructed to reevaluate adequacy, the Seventh Circuit stated that the merits of the case, including the defendant's "consent" defense "-win or lose - might well be suitable for determination on a classwide basis."

6.      Other TCPA class certifications abound.  *Sadowski v. Med1 Online, LLC*, 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *Hinman v. M & M Rental Ctr.*, 06 C 1156, 2008 U.S. Dist. LEXIS 27835 (N.D.Ill., April 7, 2008); *Kavu, Inc. v. Omnipak Corp.*, 246 F.R.D. 642 (W.D.Wash. 2007);  *Gortho, Ltd., v. Websolv*, 03 CH 15615 (Cir. Ct. Cook Co., March 6, 2008); *Travel 100 Group, Inc. v. Empire Cooler Service, Inc.*, 03 CH 14510, 2004 WL 3105679 (Cook Co. Cir. Ct., Oct. 19, 2004); *Rawson v. C.P. Partners LLC*, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Okla. Ct. App. 2006); *Display South, Inc. v. Express Computer Supply, Inc.*, 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Nicholson v. Hooters of Augusta, Inc.*, 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class actions).

7.      Plaintiff brings this action on behalf of all persons whose cell phones defendant called using its autodialer or prerecorded message in the 630 area code within four years of the filing of this complaint, for whom defendant cannot show that it had prior express consent.

8.      The defendant debt collection agency called plaintiff over thirty times after having been instructed not to do so.  sThe subclass includes persons who, like plaintiff BCR continued calling even though it had knowledge that the number was a wrong number, or that the recipient had instructed BCR to stop calling.

9.      Plaintiff files this motion along with the complaint in order to avoid the plaintiff from being "picked off" through a Rule 68 or individual settlement offer, as suggested by some court decisions.  *Greisz v. Household Bank*, 176 F.3d 1012 (7th Cir. 1999), and its progeny.

While plaintiff does not believe *Griesz* is controlling, counsel feels it is appropriate under the circumstances to file this motion early in the case in order to avoid the situation entirely. Plaintiff requests that the Court set a briefing schedule sufficiently long so that plaintiff may take additional discovery and file a memorandum of law in support of this motion. Alternatively, the Court may enter and continue this motion.

10.     All requirements of Rule 23 of the Federal Rules of Civil Procedure have been met.

11.     <u>Numerosity</u>.   Discovery indicates that BCR made a large number of calls to persons in the 630 area code.  <u>Exhibit A</u> at request for admission 54, 55,   Furthermore, a spreadsheet of codes BCR uses to decipher its collection software, <u>Exhibit B</u>, indicates that BCR has a policy of calling "wrong number" telephones at least once after it has been informed of this fact.

12.     Furthermore, given the nature of the alleged violations, i.e. making automatically dialed and prerecorded message telephone calls to debtors, it is reasonable to infer that the defendant made impermissible robocalls to more than the 40 or so individuals necessary to satisfy numerosity.  Joinder is therefore impracticable and satisfy numerosity for certification purposes.  Fed.R.Civ.P. 23(a)(1).

13.     <u>Common Questions Predominate</u>.   There exist common questions of law and fact, which predominate over any individual questions.  The class definition ensures that all of class members have identical claims; both factually and legally.  Fed.R.Civ.P. 23(a)(2) & 23(b)(3).

14.    <u>Typicality</u>.  Similarly, the plaintiff's claims are typical of the other class members. All of the claims are based upon a substantially identical set of facts and circumstances. Fed.R.Civ.P. 23(a)(3).  The same dialers and similar messages were used for the entire class.

15.    <u>Adequacy</u>.  Plaintiff and counsel will fairly and adequately represent the class. Plaintiff's interests in this litigation are aligned with those of the class, and he has hired a lawyer experienced in class action and consumer litigation.  <u>Exhibit C</u>.  Fed.R.Civ.P. 23(a)(4).

16.    <u>Defendant's Actions Applicable Generally</u>.  The defendant has acted or failed to act on grounds generally applicable to each class member, and it is these generalized actions around which this case revolves.  Defendant called each class member on his or her cellular telephone using an autodialer and prerecorded message. Class-wide Injunctive relief under the TCPA 47 U.S.C. §227(b)(3)(A), along with corresponding declaratory relief is therefore appropriate.  Fed.R.Civ.P. 23(b)(2).  All class members, who are the incorrect party, would benefit from the cessation of these annoying calls and defendant's opt-out policy.

17.    <u>Superiority</u>.  It is desirable to have this case litigated as a class action because the class mechanism is superior to individual actions.  Plaintiff is not aware of any other cases alleging similar facts against these defendants; likely because the other members of the class are not aware that their rights have been violated.  Further, a class action is necessary to determine that defendants' conduct is a violation of law and to redress the class members' statutory damages.   Fed.R.Civ.P. 23(b)(3).  The issue of whether defendant's equipment and messages complied with the TCPA predominates over any individual issues that may arise.

18.    Because the prerequisites of Fed.R.Civ.P. 23(b)(2) and 23(b)(3) are satisfied, this Court should certify the class.  Plaintiff requests that the Court set a briefing schedule for this

motion sufficient to permit time for service of the complaint, discovery and the filing of a supplemental memorandum in support of this motion.

WHEREFORE, plaintiff respectfully requests that this Court certify this case as a class action as to the class defined herein, and appoint plaintiff Nicholas Martin as class representative, and Burke Law Offices, LLC as class counsel.

Respectfully submitted,

/s/Alexander H. Burke

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Nicholas Martin | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO:   10 CV 7725 |
| | ) | |
| Bureau of Collection Recovery LLC | ) | Judge St. Eve |
| | ) | |
| Defendant, | ) | |

<u>**RESPONSE REQUESTS FOR ADMISSION**</u>

NOW COMES the Defendant, BUREAU OF COLLECTION RECOVERY LLC , by and through its undersigned counsel, and in response to Plaintiff's Motion to Reassign, states the following:

<u>**General Objections**</u>

Defendant objects to Plaintiff's definition of the term "Predictive Dialer" as the term as defined is vague and overly broad.  Accordingly, Defendant is without knowledge or information sufficient to admit or deny whether it used a "predictive dialer" as it is defined by Plaintiff. Further, Defendant objects to the authority, correctness and validity of the FCC's 2008 Declaratory Ruling which states "that a predictive dialer constitutes an automatic telephone dialing system and is subject to the TCPA's restrictions on the use of autodialers."  Subject to and without waiving these objections, states that it uses a telephone dialing system to make some telephone calls and that its dialing software can dial telephone numbers from a list or "dialing campaign" that consists of telephone numbers that certain of Defendant's employees have selected from its database based on criteria selected by these employees.  Further, answering, Defendant denies that its dialing software called the above number as a result of randomly or sequentially generated numbers.

## ANSWERS

1.      BCR has at least four telephone systems that it uses for calling debtors, all of which are located in Minnesota; two in Edina, Minnesota and two in Eden Prairie, Minnesota.

**Answer:**  Defendant admits that it has at least four telephone systems that it uses for calling debtors which are located in Minnesota.  Defendant denies the remaining allegations.

2.      More than 75% of the telephone calls made through BCR's Dialers are made as part of a dialing campaigns.

**Answer:**  Defendant has made a reasonable inquiry.  Defendant, however, lacks knowledge or information sufficient to admit or deny the above Request.  Investigation continues.

3.      On August 13, 2010, BCR received a call from plaintiff.

**Answer:**  Defendant has made a reasonable inquiry.  At this time, Defendant believes that it received an inbound call associated with Plaintiff's account.  Defendant, however, lacks knowledge or information sufficient to admit or deny whether Plaintiff placed the subject phone call.

4.      BCR identified the call as from plaintiff through caller ID or similar technology permitting the recipient of a call to see from what phone number the call was placed.

**Answer:**  Defendant admits that it has the capacity to detect certain inbound calls via caller ID.  Defendant, however, lacks knowledge or information sufficient to admit or deny whether it "identified the call as from Plaintiff" or whether it identified a number via caller ID.

5.      During the call, plaintiff told the BCR representative that it should change its address for plaintiff.

**Answer:**  Defendant has made a reasonable inquiry and states that it lacks knowledge or information sufficient to admit or deny this request with the exception of admitting that plaintiff's address was changed on August 13, 2010.

6.      The representative told plaintiff that a validation letter would be sent to that address, and indicated that plaintiff's address had been updated in defendant's system.

**Answer:**  Defendant has made a reasonable inquiry and states that it lacks knowledge or information sufficient to admit or deny this request with the exception of admitting that plaintiff's address was updated on August 13, 2010 and stating that a validation should have been sent to that address.  Investigation continues.

7.      Upon information and belief, BCR did, in fact, add the PO box plaintiff listed, to its computer files for plaintiff.

**Answer:**  Defendants records indicate that one of Defendant's employees updated Plaintiff's address to indicate a P.O. Box address.  Defendant, however, lacks knowledge or information sufficient to admit or deny the remaining allegations.

8.      Also on August 13, 2010, BCR received the letter attached as Exhibit A.

**Answer:** Defendant has made a reasonable inquiry and states that it lacks knowledge or information sufficient to admit or deny this request.

9.      Despite having received the fax, defendant called plaintiff on numerous subsequent occasions.

**Answer:** As noted above, Defendant has made a reasonable inquiry and states that it lacks knowledge or information sufficient to admit or deny whether it received the subject fax. Accordingly, to the extent that Defendant admits that its records demonstrate that Plaintiff was

130065261v1  0919293  07791

called on numerous occasions, after August 13, 2010, Defendant denies that the subject calls were placed with knowledge of the August 13, 2010 letter.

10.     BCR called plaintiff using its Dialer on 8/13/2010 at approximately 17:20.

**Answer:** Objection, Plaintiff has not adequately defined the term "Dialer." Subject to and without waiving this objection, Objection, Plaintiff has not adequately defined the term "Dialer." Subject to and without waiving this objection, Defendant admits that it called Plaintiff using a dialer at approximately the time indicated above, give or take a minute.

11.     BCR called plaintiff using its Dialer on 8/16/2010 at approximately 19:23.

**Answer:** Objection, Plaintiff has not adequately defined the term "Dialer." Subject to and without waiving this objection, Objection, Plaintiff has not adequately defined the term "Dialer." Subject to and without waiving this objection, Defendant admits that it called Plaintiff using a dialer at approximately the time indicated above, give or take a minute.

12.     BCR called plaintiff using its Dialer on 8/17/2010 at approximately 20:22.

**Answer:** Objection, Plaintiff has not adequately defined the term "Dialer." Subject to and without waiving this objection, Objection, Plaintiff has not adequately defined the term "Dialer." Subject to and without waiving this objection, Defendant admits that it called Plaintiff using a dialer at approximately the time indicated above, give or take a minute.

13.     BCR called plaintiff using its Dialer on 8/19/2010 at approximately 19:05.

**Answer:** Objection, Plaintiff has not adequately defined the term "Dialer." Subject to and without waiving this objection, Defendant admits that it called Plaintiff using a dialer at approximately the time indicated above, give or take a minute.

14.     BCR called plaintiff using its Dialer on 8/20/2010 at approximately 18:38.

130065261v1  0919293  07791

**Answer:** Objection, Plaintiff has not adequately defined the term "Dialer." Subject to and without waiving this objection, Defendant admits that it called Plaintiff using a dialer at approximately the time indicated above, give or take a minute.

15.     BCR called plaintiff using its Dialer on 8/23/2010 at approximately 17:12.

**Answer:** Objection, Plaintiff has not adequately defined the term "Dialer." Subject to and without waiving this objection, Defendant admits that it called Plaintiff using a dialer at approximately the time indicated above, give or take a minute.

16.     BCR called plaintiff using its Dialer on 8/24/2010 at approximately 18:23.

**Answer:** Objection, Plaintiff has not adequately defined the term "Dialer." Subject to and without waiving this objection, Defendant admits that it called Plaintiff using a dialer at approximately the time indicated above, give or take a minute.

17.     BCR called plaintiff using its Dialer on 8/25/2010 at approximately 15:32.

**Answer:** Objection, Plaintiff has not adequately defined the term "Dialer." Subject to and without waiving this objection, Defendant admits that it called Plaintiff using a dialer at approximately the time indicated above, give or take a minute.

18.     BCR called plaintiff using its Dialer on 8/26/2010 at approximately 15:28.

**Answer:** Objection, Plaintiff has not adequately defined the term "Dialer." Subject to and without waiving this objection, Defendant admits that it called Plaintiff using a dialer at approximately the time indicated above, give or take a minute.

19.     BCR called plaintiff using its Dialer on 8/27/2010 at approximately 15:23.

**Answer:** Objection, Plaintiff has not adequately defined the term "Dialer." Subject to and without waiving this objection, Defendant admits that it called Plaintiff using a dialer at approximately the time indicated above, give or take a minute.

130065261v1  0919293  07791

20.     BCR called plaintiff using its Dialer on 8/30/2010 at approximately 19:37.

**Answer:** Objection, Plaintiff has not adequately defined the term "Dialer." Subject to and without waiving this objection, Defendant admits that it called Plaintiff using a dialer at approximately the time indicated above, give or take a minute.

21.     BCR called plaintiff using its Dialer 8/31/2010 at approximately 19:23.

**Answer:** Objection, Plaintiff has not adequately defined the term "Dialer." Subject to and without waiving this objection, Defendant admits that it called Plaintiff using a dialer at approximately the time indicated above, give or take a minute.

22.     BCR called plaintiff using its Dialer on 9/3/2010 at approximately 16:44.

**Answer:** Objection, Plaintiff has not adequately defined the term "Dialer." Subject to and without waiving this objection, Defendant admits that it called Plaintiff using a dialer at approximately the time indicated above, give or take a minute.

23.     BCR called plaintiff using its Dialer on 9/7/2010 at approximately 20:07.

**Answer:** Objection, Plaintiff has not adequately defined the term "Dialer." Subject to and without waiving this objection, Defendant admits that it called Plaintiff using a dialer at approximately the time indicated above, give or take a minute.

24.     BCR called plaintiff using its Dialer on 9/8/2010 at approximately 16:56.

**Answer:** Objection, Plaintiff has not adequately defined the term "Dialer." Subject to and without waiving this objection, Defendant admits that it called Plaintiff using a dialer at approximately the time indicated above, give or take a minute.

25.     BCR called plaintiff using its Dialer on 9/10/2010 at approximately 15:47.

130065261v1 0919293 07791

**Answer:** Objection, Plaintiff has not adequately defined the term "Dialer."  Subject to and without waiving this objection, Defendant admits that it called Plaintiff using a dialer at approximately the time indicated above, give or take a minute.

26.    BCR called plaintiff using its Dialer 9/12/2010 at approximately 16:07.

**Answer:** Defendant denies this request.

27.    BCR called plaintiff using its Dialer on 9/14/2010 at approximately 16:08.

**Answer:** Objection, Plaintiff has not adequately defined the term "Dialer."  Subject to and without waiving this objection, Defendant admits that it called Plaintiff using a dialer at approximately the time indicated above, give or take a minute.

28.    BCR called plaintiff using its Dialer 9/16/2010 at approximately 19:27.

**Answer:** Objection, Plaintiff has not adequately defined the term "Dialer."  Subject to and without waiving this objection, Defendant admits that it called Plaintiff using a dialer at approximately the time indicated above, give or take a minute.

29.    BCR called plaintiff using its Dialer on 9/20/2010 at approximately 16:45.

**Answer:** Objection, Plaintiff has not adequately defined the term "Dialer."  Subject to and without waiving this objection, Defendant admits that it called Plaintiff using a dialer at approximately the time indicated above, give or take a minute.

30.    BCR called plaintiff using its Dialer 9/21/2010 at approximately 18:17.

**Answer:** Objection, Plaintiff has not adequately defined the term "Dialer."  Subject to and without waiving this objection, Defendant admits that it called Plaintiff using a dialer at approximately the time indicated above, give or take a minute.

31.    BCR called plaintiff using its Dialer on 9/22/2010 at approximately 17:16.

130065261v1  0919293  07791

**Answer:** Objection, Plaintiff has not adequately defined the term "Dialer."  Subject to and without waiving this objection, Defendant admits that it called Plaintiff using a dialer at approximately the time indicated above, give or take a minute.

32.    BCR called plaintiff using its Dialer on 9/23/2010 at approximately 14:51.

**Answer:** Objection, Plaintiff has not adequately defined the term "Dialer."  Subject to and without waiving this objection, Defendant admits that it called Plaintiff using a dialer at approximately the time indicated above, give or take a minute.

33.    BCR called plaintiff using its Dialer on 9/24/2010 at approximately 9:49.

**Answer:** Objection, Plaintiff has not adequately defined the term "Dialer."  Subject to and without waiving this objection, Defendant admits that it called Plaintiff using a dialer at approximately the time indicated above, give or take a minute.

34.    BCR called plaintiff using its Dialer on 9/27/2010 at approximately 10:05.

**Answer:** Objection, Plaintiff has not adequately defined the term "Dialer."  Subject to and without waiving this objection, Defendant admits that it called Plaintiff using a dialer at approximately the time indicated above, give or take a minute.

35.    BCR called plaintiff using its Dialer on 9/28/2010 at approximately 16:17.

**Answer:** Objection, Plaintiff has not adequately defined the term "Dialer."  Subject to and without waiving this objection, Defendant admits that it called Plaintiff using a dialer at approximately the time indicated above, give or take a minute.

36.    BCR called plaintiff using its Dialer on 9/29/2010 at approximately 9:00.

**Answer:** Objection, Plaintiff has not adequately defined the term "Dialer."  Subject to and without waiving this objection, Defendant admits that it called Plaintiff using a dialer at approximately the time indicated above, give or take a minute.

130065261v1  0919293  07791

37.     BCR called plaintiff using its Dialer on 9/30/2010 at approximately 19:56.

**Answer:** Objection, Plaintiff has not adequately defined the term "Dialer." Subject to and without waiving this objection, Defendant admits that it called Plaintiff using a dialer at approximately the time indicated above, give or take a minute.

38.     BCR called plaintiff using its Dialer on 10/4/2010 at approximately 9:43.

**Answer:** Objection, Plaintiff has not adequately defined the term "Dialer." Subject to and without waiving this objection, Defendant admits that it called Plaintiff using a dialer at approximately the time indicated above, give or take a minute.

39.     BCR called plaintiff using its Dialer on 10/5/2010 at approximately 19:20.

**Answer:** Objection, Plaintiff has not adequately defined the term "Dialer." Subject to and without waiving this objection, Defendant admits that it called Plaintiff using a dialer at approximately the time indicated above, give or take a minute.

40.     BCR called plaintiff using its Dialer on 10/7/2010 at approximately 12:04.

**Answer:** Objection, Plaintiff has not adequately defined the term "Dialer." Subject to and without waiving this objection, Defendant admits that it called Plaintiff using a dialer at approximately the time indicated above, give or take a minute.

41.     BCR called plaintiff using its Dialer on 10/12/2010 at approximately 10:16.

**Answer:** Objection, Plaintiff has not adequately defined the term "Dialer." Subject to and without waiving this objection, Defendant admits that it called Plaintiff using a dialer at approximately the time indicated above, give or take a minute.

42.     BCR called plaintiff using its Dialer on 10/13/2010 at approximately 15:38.

**Answer:** Objection, Plaintiff has not adequately defined the term "Dialer."  Subject to and without waiving this objection, Defendant admits that it called Plaintiff using a dialer at approximately the time indicated above, give or take a minute.

43.    BCR called plaintiff using its Dialer on 10/20/2010 at approximately 19:06.

**Answer:** Objection, Plaintiff has not adequately defined the term "Dialer."  Subject to and without waiving this objection, Defendant admits that it called Plaintiff using a dialer at approximately the time indicated above, give or take a minute.

44.    BCR called plaintiff using its Dialer on 11/2/2010 at approximately 20:16.

**Answer:** Objection, Plaintiff has not adequately defined the term "Dialer."  Subject to and without waiving this objection, Defendant admits that it called Plaintiff using a dialer at approximately the time indicated above, give or take a minute.

45.    BCR called plaintiff using its Dialer on 11/5/2010 at approximately 9:20.

**Answer:** Objection, Plaintiff has not adequately defined the term "Dialer."  Subject to and without waiving this objection, Defendant admits that it called Plaintiff using a dialer at approximately the time indicated above, give or take a minute.

46.    BCR called plaintiff using its Dialer on 11/17/2010 at approximately 19:18.

**Answer:** Objection, Plaintiff has not adequately defined the term "Dialer."  Subject to and without waiving this objection, Defendant admits that it called Plaintiff using a dialer at approximately the time indicated above, give or take a minute.

47.    BCR called plaintiff using its Dialer on 11/18/2010 at approximately 19:32.

**Answer:** Objection, Plaintiff has not adequately defined the term "Dialer."  Subject to and without waiving this objection, Defendant admits that it called Plaintiff using a dialer at approximately the time indicated above, give or take a minute.

130065261v1  0919293  07791

48.     BCR called plaintiff using its Dialer on 11/29/2010 at approximately 19:08.

**Answer:** Objection, Plaintiff has not adequately defined the term "Dialer." Subject to and without waiving this objection, Defendant admits that it called Plaintiff using a dialer at approximately the time indicated above, give or take a minute.

49.     BCR called plaintiff using its Dialer on 11/30/2010 at approximately 20:16.

**Answer:** Objection, Plaintiff has not adequately defined the term "Dialer." Subject to and without waiving this objection, Defendant admits that it called Plaintiff using a dialer at approximately the time indicated above, give or take a minute.

50.     The dialer dialed plaintiff's cellular telephone number for each of the thirty nine calls listed in the previous requests for admission.

**Answer:** Defendant denies the above request.

51.     BCR called plaintiff thirty nine times using its Dialer.

**Answer:** Defendant denies the above request.

52.     BCR's dialers are "automatic telephone dialing systems" as defined by the Federal Communications Commission.

**Answer:** Objection, this Request calls for a legal conclusion. Further, Defendant objects to Plaintiff's open-ended reference to the Federal Communications Commission and validity of and Federal Communications Commission rulings or decisions which define "automatic telephone dialing systems."

53.     All messages left by BCR that included a recorded message were "prerecorded messages" as that term is used in the TCPA.

**Answer:** Objection, this Request calls for a legal conclusion. Further Defendant objects to the vague and undefined terms "[a]ll messages" and "recorded message." Subject to and

11

without waiving these objections, Defendant admits that it may have left recorded messages when it attempted to contact Plaintiff.

54.    There are more than 10,000 persons that fall within the following criteria: Persons with area code 630 cell phone numbers that defendant or some person on its behalf called between and including December 6, 2006, and December 6, 2010.

**Answer:** Defendant admits this Request.

55.    There are more than 40 persons that fall within the following criteria:

Persons with area code 630 cell phone numbers that defendant or some person on its behalf called where defendant cannot prove that it had the prior express consent of the called party, where any call was between and including December 6, 2006, and December 6, 2010.

**Answer:** Objection, this Request calls for a legal conclusion. Additionally, this request uses vague and overly broad terms such as "persons", "called party," and "any call." In light of these terms, Defendant is unable to admit or deny the above Request. Further, this Request does not specifically states that cell phones where in fact called by Defendant or some person on its behalf. Again, based upon this drafting issues, Defendant is unable to admit or deny the above Request. Defendant, however, admits that it has called more than 40 cell phones with area code 630 during the identified class period.

56.    As of responding the date of responding to this request for admission, defendant does not know whether or not it can prove prior express consent to have made calls using an automatic telephone dialing system or prerecorded or artificial voice, to more than 100 of the persons that fall within the following set:

Persons with area code 630 cell phone numbers that defendant or some person on its

12

behalf called using its Dialer or Prerecorded Message, where any call was between and

including December 6, 2006, and December 6, 2010.

**Answer:** Defendant denies this Request.

57.    Defendant does not have a practice of obtaining documentary proof of "prior

express consent" before it uses its Dialers to call phone numbers.

**Answer:**  Defendant denies this Request.

Respectfully submitted,

/s/ James C. Vlahakis
James C. Vlahakis
one of the attorneys for Defendant
BUREAU OF COLLECTION RECOVERY
LLC

David M. Schultz
James C. Vlahakis
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, IL  60601-1081
312-704-3000
312-704-3001 (fax)
dschultz@hinshawlaw.com
jvlahakis@hinshawlaw.com
Attorneys for Defendants

130065261v1  0919293  07791

## CERTIFICATE OF SERVICE

I, James C. Vlahakis, certify that on March 1, 2011, I served this document via email delivery to:

Alexander Burke at aburke@burkelawllc.com

/s/James C. Vlahakis

130065261v1  0919293  07791

# Exhibit B

| CD | Description | Regular File Upload | PN File Upload |
|---|---|---|---|
| 2 | Call-Invalid Nbr | | |
| 3 | No Dial Tone | | |
| 4 | Line Idle after Dial | | |
| 5 | Outside Calling Hours | | |
| 6 | Blind Transfer to INB | | |
| 7 | No Agent for Sup Tran | | |
| 8 | Hookflash Blind Tran | | |
| 11 | Busy Signal | | |
| 12 | Fax or Modem | | **20th time removed from dialers** |
| 13 | Answering Machine | | |
| 14 | Person on the Line | | |
| 15 | No Answer | | |
| 16 | Ringing Phone | | |
| 17 | Cust Hung up in Que | | |
| 18 | Transfer Release | | |
| 19 | Recall Release | | |
| 20 | Left Message | | |
| 21 | Wrong Number | | **2nd time number is removed** |
| 22 | English Message | | |
| 23 | Spanish Message | | |
| 24 | Promise to Pay | | |
| 25 | Refuse to Pay | | |
| 26 | Wrong Party | | |
| 27 | Bankrupt or Deceased | | |
| 30 | Refuse to Pay | | |
| 31 | Told to pay | | |
| 32 | Wrong Party-Removed | | |
| 33 | No one there | | |
| 34 | Left Message no coll avail | | |
| 35 | Managed Cancel Call | | |
| 36 | Operator Intercept | **REMOVED AFTER 3RD TIME** | CANNOT BE COMPLETED AS DIALED |
| 37 | No Circuit Available | **REMOVED AFTER 3RD TIME** | |
| 38 | Disconnected Number | **REMOVED AFTER 3RD TIME** | |
| 39 | Can't Reach as Dialed | **REMOVED AFTER 3RD TIME** | |
| 40 | Fast Busy | **REMOVED AFTER 3RD TIME** | |
| 41 | Internal System Code | | |

| | | |
|---|---|---|
| 42 Failure on Phone Line | | |
| 43 Internal System Code | | |
| 44 Internal System Code | | |
| 45 Cust Hung-Up in INB Queue | | |
| 46 Cust Hung-Up in OUT Queue | | |
| 47 No Agt for INB Queue | | |
| 48 No Agt for OUT Queue | | |
| 49 Abnormal Agent End | | |
| 50 Internal System Code | | |
| 53 Poss Number From | Add Phone Number | Add Phone Number-only if phn is not blank or the same |
| 59 Privacy Manager | | |
| 60 Checking for Trouble | | |
| 61 No message Ans Mach | | |
| 62 Call Later | | |
| 63 Blocked Call | | |
| 66 Esc Wrong Nbr | **REMOVED AFTER 1ST TIME** | |
| 73 Area Code Change | | |
| 74 Telezapper | | |
| 75 Pager | | |
| 76 Not Yet Connected | | |
| 77 Non Published Phone | | |
| 78 Can't Rcv Incoming Call | | |
| 80 Discn't Calls taken by | | |
| 82 Good Number | | |
| 83 Wrong Nbr-No Answer | To PN Download | Remove Phone (if orig phn is blank) or To PN Download |
| 84 Wrong Nbr-Ans Mach | To PN Download | Remove Phone (if orig phn is blank) or To PN Download |
| 85 Answering Machine | | |
| 89 Managed Non-Connect A | | |
| 90 Managed Non-Connect B | | |
| 91 Virtual Msg/VOICE | AUTOMATED MESSAGE LEFT WHE | |
| 92 Virtual Msg/AUTOVOICE | AUTOMATED MESSAGE LEFT ON A | |
| 98 Agent Owned Recall | | |

# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS MARTIN on behalf of himself and others similarly situated, )<br>Plaintiff, ) | 1:10-cv-7725<br>Judge St. Eve<br>Magistrate Judge Gilbert |
| v. ) | JURY DEMANDED |
| BUREAU OF COLLECTION RECOVERY, LLC, )<br>Defendant. ) | |

## DECLARATION OF ALEXANDER H. BURKE

I am Alexander H. Burke, manager of Burke Law Offices, LLC.

In September 2008, I opened Burke Law Offices, LLC. This firm concentrates on consumer class action and consumer work on the plaintiff side. Since the firm began, it has prosecuted cases for consumers under the Telephone Consumer Protection Act, Fair Debt Collection Practices Act, Fair Credit Reporting Act, Equal Credit Opportunity Act, Electronic Funds Transfer Act, Illinois Consumer Fraud Act, Truth in Lending Act and the Fair Labor Standards Act, among others. The firm also occasionally accepts mortgage foreclosure defense or credit card defense case. Except for debt collection defense cases, the firm works almost exclusively on a contingency basis.

My legal career began at Edelman, Combs, Latturner & Goodwin, LLC, in Chicago, Illinois, where I spent nearly three years litigating exclusively consumer cases. I estimate that approximately sixty-five percent of those cases were class actions. In 2007, I joined the Law Offices of Keith J. Keogh, Ltd., another consumer rights law firm, where my practice was again limited almost exclusively to consumer class action.

I make substantial efforts to remain current on the law, including class action issues. I attended the National Consumer Law Center Consumer Rights Litigation Conference in 2006, 2007, 2008, 2009 and 2010, and was an active participant in the Consumer Class Action Intensive Symposium at each of those conferences. In October 2009, I spoke on a panel of consumer class action attorneys welcoming newcomers to the conference. In addition to regularly attending Chicago Bar Association meetings and events, I am the vice-chair of the Chicago Bar Association's consumer protection section, and in November 2009, I moderated a panel of judges and attorneys discussing recent events and decisions concerning arbitration of consumer claims and class action bans in consumer contracts. In November, 2010, I spoke at

the National Association of Elder Law Attorneys national conference in San Diego, California, regarding consumer protection issues.

Some notable cases and class actions that I have worked on include:

*Powell v. West Asset Management, Inc.,* 1:10-cv-7852 (N.D.Ill. March 24, 2011) (striking TCPA defendant's "mitigation of damages" affirmative defense in individual case); *Fike v. The Bureaus, Inc., 1:*09-cv-2558 (N.D.Ill.) ($800,000 settlement in TCPA autodialer class action); *Greene v. DirecTV, Inc.,* 2010 WL 1506730 (N.D.Ill. April 14, 2010) (motion to dismiss denied as to class TCPA and FCRA claims); *Donnelly v. NCO Financial Systems, Inc.,* 263 F.R.D. 500 (N.D.Ill. Dec. 16, 2009) Fed.R.Civ.P. 72 objections overruled in toto, --- F.Supp.2d ----, 2010 WL 308975 (N.D.Ill. Jan 13, 2010) (novel class action and TCPA discovery issues decided favorably to class); *Cicilline v. Jewel Food Stores, Inc.,* 542 F.Supp.2d 831 (N.D.Ill. 2008) (FCRA class certification granted); 542 F.Supp.2d 842 (N.D.Ill. 2008) (plaintiffs' motion for judgment on pleadings granted); *Harris v. Best Buy Co.,* 07 C 2559, 2008 U.S. Dist. LEXIS 22166 (N.D.Ill. March 20, 2008) (Class certification granted); *Matthews v. United Retail, Inc.,* 248 F.R.D. 210 (N.D.Ill. 2008) (FCRA class certification granted); *Redmon v. Uncle Julio's, Inc.,* 249 F.R.D. 290 (N.D.Ill. 2008) (FCRA class certification granted; *Harris v. Circuit City Stores, Inc.,* 2008 U.S. Dist. LEXIS 12596, 2008 WL 400862 (N.D. Ill. Feb. 7,2008) (FCRA class certification granted); aff'd upon objection (Mar. 28, 2008); *Harris v. Wal-Mart Stores, Inc.,* 2007 U.S. Dist. LEXIS 76012 (N.D. Ill. Oct. 10, 2007) (motion to dismiss in putative class action denied); *Barnes v. FleetBoston Fin. Corp.,* C.A. No. 01-10395-NG, 2006 U.S. Dist. LEXIS 71072 (D.Mass. Aug. 22, 2006) (appeal bond required for potentially frivolous objection to large class action settlement, and resulting in a $12.5 million settlement for Massachusetts consumers); *Longo v. Law Offices of Gerald E. Moore & Assocs.,* P.C., 04 C 5759, 2006 U.S. Dist. LEXIS 19624 (N.D.Ill. March 30, 2006) (class certification granted); *Nichols v. Northland Groups, Inc.,* case nos. 05 C 2701, 05 C 5523, 06 C 43, 2006 U.S. Dist. LEXIS 15037 (N.D.Ill. March 31, 2006) (class certification granted for concurrent classes against same defendant for ongoing violations); *Lucas v. GC Services, L.P.,* case No. 2:03 cv 498, 226 F.R.D. 328 (N.D.Ind. 2004) (compelling discovery), 226 F.R.D. 337 (N.D.Ind. 2005) (granting class certification); *Murry v. America's Mortg. Banc, Inc.,* case nos. 03 C 5811, 03 C 6186, 2005 WL 1323364 (N.D. Ill. May 5, 2006) (Report and Recommendation granting class certification), aff'd, 2006 WL 1647531 (June 5, 2006); *Rawson v. Credigy Receivables, Inc.,* case no. 05 C 6032, 2006 U.S. Dist. LEXIS 6450 (N.D. Ill. Feb. 16, 2006) (denying motion to dismiss in class case against debt collector for suing on time-barred debts).

I graduated from Colgate University in 1997 (B.A. International Relations), and from Loyola University Chicago School of Law in 2003 (J.D.). During law school I served as an extern to the Honorable Robert W. Gettleman of the District Court for the Northern District of Illinois and as a law clerk for the Honorable Nancy Jo Arnold, Chancery Division, Circuit Court of Cook County. I also served as an extern for the United States Attorney for the Northern District of Illinois and was a research assistant to adjunct professor Honorable Michael J. Howlett, Jr.

I was the Feature Articles Editor of the Loyola Consumer Law Review and Executive Editor of the International Law Forum. My published work includes International Harvesting on

the Internet: A Consumer's Perspective on 2001 Proposed Legislation Restricting the Use of Cookies and Information Sharing, 14 Loy. Consumer L. Rev. 125 (2002).

I became licensed to practice law in the State of Illinois in 2003 and the State of Wisconsin in March 2011, and am a member of the bar of the United States Court of Appeals for the Seventh and First Circuits, as well as the Northern District of Illinois, Central District of Illinois, Southern District of Illinois, Eastern District of Wisconsin, Northern District of Indiana and Southern District of Indiana. In 2009-10, I was the vice chair of the Consumer Protection section of the Chicago Bar Association, and am the chair of that group for the 2010-2011 year. I am also a member of the Illinois State Bar Association, the Seventh Circuit Bar Association and the American Bar Association, as well as the National Association of Consumer Advocates.


I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.


Executed in Chicago, Illinois

April 1, 2011                                          Alexander H. Burke