**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS MARTIN on behalf of himself and others similarly situated, | ) | |
| | ) | 1:10-cv-7725 |
| Plaintiff, | ) | Judge St. Eve |
| | ) | Magistrate Judge Gilbert |
| v. | ) | |
| | ) | JURY DEMANDED |
| BUREAU OF COLLECTION RECOVERY, LLC, | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S FIRST MOTION TO COMPEL**

1. Plaintiff Nicholas Martin brought this action against Bureau of Collection Recovery, LLC ("BCR") to secure redress for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").[1] The defendant debt collection agency has engaged in multiple impermissible autodialed and prerecorded message "robocalls" to plaintiff and others' cell phones, in violation of 47 U.S.C. §227(b). All such calls violate the TCPA unless defendant can show that it had the recipient's "prior express consent." 47 U.S.C. §227(b)(2).

2. BCR called plaintiff on his cellular telephone more than sixty times using its predictive dialer; forty-four of those calls were made using the challenged equipment after plaintiff had sent BCR a fax requesting that he not be contacted by telephone. Exhibit A contains the fax and confirmations plaintiff received after the fax went through.

3. Defendant disputes whether it received this fax.

4. Plaintiff issued his second set of discovery requests in order to gather information and data concerning the fax at issue. Exhibit B. Defendant has steadfastly refused

---

[1] The parties have settled the Fair Debt Collection Practices Act allegations.

to provide responses to this set of discovery requests, instead claiming that the response to

request for admission 1, attached as <u>Exhibit C</u>, is sufficient.  Plaintiff disagrees.

5.      Exhibit C states the following:

**Request for Admission 1: You received the communication attached as Exhibit A, in August, 2010.**

Answer: Objection, the parties have settled Plaintiff's FDCPA claim which alleged that Defendant failed to calling him after receiving a cease and desist letter. Further, Plaintiff's Second Set of Discovery was filed immediately after Defendant had suggested that it would move for summary judgment on this claim because its records appeared to demonstrate that the facsimile machine in question was not operation on August 13, 2010, the date on which the subject facsimile was allegedly sent. Subsequently, Defendant learned that the facsimile was sent to a different number (not the one assigned to the malfunctioning machine). Defendant, however, does not have any records showing incoming facsimiles during the week of August 9, 2010, because the person assigned to logging incoming facsimiles failed to record incoming facsimiles. The employee in question was terminated shortly after August 10, 2010. Against this backdrop, consistent with FRCP 37(c)(2), Defendant states that lacks knowledge or information sufficient to admit the above Request. In so answering, Defendant states that it does not have any information to dispute that it was sent the subject facsimile on August 13, 2010, as Plaintiff contends. Further answering, Defendant cannot admit or deny receiving the facsimile because facsimile machine's internal data records from the asserted time period of August 2010, were overridden prior to Defendant receiving notice of this lawsuit, which occurred on or about December 15, 2010. Accordingly, while Defendant cannot admit that it received the facsimile in question, it does not believe that it can dispute receiving the facsimile in question consistent with FRCP 11.

6.      Defendant cannot have it both ways:  refuse to admit that it received a fax, and

also refuse to provide any discovery about the circumstances of the fax.  Furthermore, a party

cannot just ignore discovery requests while taking the position that the plaintiff "has enough"

to proceed with his case.

7.      Because BCR failed to respond to any discovery requests in Exhibit B except one,

it has waived all objections to the requests it ignored.  Rule 33(b)(4) includes an "automatic"

waiver provision: "Any ground not stated in a timely objection is waived unless the party's

failure to object is excused by the court for good cause shown." *Autotech Technologies Limited Partnership v. Automationdirect.com, Inc.*, 236 F.R.D. 396, 398 n.2 (N.D. Ill. 2006) (Cole, J); *Donnelly v. NCO Financial Systems, Inc., Donnelly v. NCO Financial Systems, Inc.*, 263 F.R.D. 500 (N.D.Ill. 2009)(failure to produce privilege log results in waiver of privilege).

8.      This discovery is relevant to the case.  Defendant claims that it had plaintiff's prior express consent to make all of the autodialed and prerecorded message calls to plaintiff. Even if it had prior express consent to make the first twenty calls, it surely did not have plaintiff's consent to receive the forty-four or so calls that it made to plaintiff after having received Exhibit A.

9.      The parties have engaged in protracted discovery talks about this discovery. Even though counsel conducted approximately three telephone calls, and exchanged approximately six emails in the beginning of May, 2011, particularly on May 9 and 10, 2011, the parties still were not able to resolve these issues.  Court intervention is therefore necessary.

WHEREFORE, plaintiff respectfully requests that this Court compel defendant to either admit for purposes of this case that it received Exhibit A, or compel defendant to respond fully to all discovery requests contained in Exhibit B.

/s/Alexander H. Burke

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

# Exhibit A

Nicholas Martin
PO Box 4030
Chicago, IL 60654-4030

August 13, 2010

**VIA FASCIMILE TO 952-259-1133**
Bureau of Collection Recovery
7575 Corporate Way
Eden Prairie, MN 55344-2022

Ladies and Gentlemen:

Please be advised that I dispute the claimed debt which might be the subject of your calls to my phone.

Please provide any contract or agreement I signed and an account history showing how you arrived at the conclusion that I owe the amounts claimed.

Furthermore, you are hereby requested, as required by the Uniform Commercial Code, to provide copies of assignments and other documents showing that you or your principal is in fact the assignee of the debt described above and that you are legally authorized to attempt to collect the claimed debt from me.

Unless and until such proof is furnished, I do not recognize any right on your part to attempt to collect any amount from me through any means whatever, including credit reporting. I refuse to pay any debt that has not been substantiated in the manner I request and direct you to cease further communications unless and until you can provide such substantiation.

In addition, please take notice that any phone calls are inconvenient. As such, please refrain from placing such calls.

Sincerely,

Nicholas Martin

```
┌─────────────────────────────────────────┐
│   TRANSMISSION VERIFICATION REPORT       │
└─────────────────────────────────────────┘
```

```
                              TIME : 08/13/2010 09:07
                              NAME : GENERAL
                              FAX  : 7734628552
                              TEL  : 7734628552
                              SER.# : BROE4J585570
```

```
┌──────────────────────────────────────────────────────────────┐
│   DATE,TIME            08/13  09:07                             │
│   FAX NO./NAME         919522591133                            │
│   DURATION             00:00:15                                │
│   PAGE(S)              01                                      │
│   RESULT               OK                                      │
│   MODE                 STANDARD                                │
│                        ECM                                     │
└──────────────────────────────────────────────────────────────┘
```

Nicholas Martin
PO Box 4030
Chicago, IL 60654-4030

August 13, 2010

**VIA FASCIMILE TO 952-259-1133**
Bureau of Collection Recovery
7575 Corporate Way
Eden Prairie, MN 55344-2022

Ladies and Gentlemen:

Please be advised that I dispute the claimed debt which might be the subject of your calls to my phone.

Please provide any contract or agreement I signed and an account history showing how you arrived at the conclusion that I owe the amounts claimed.

Furthermore, you are hereby requested, as required by the Uniform Commercial Code, to provide copies of assignments and other documents showing that you or your principal is in fact the assignee of the debt described above and that you are legally authorized to attempt to collect the claimed debt from me.

Unless and until such proof is furnished, I do not recognize any right on your part to attempt to collect any amount from me through any means whatever, including credit reporting. I refuse to pay any debt that has not been substantiated in the manner I request and direct you to cease further communications unless and until you can provide such substantiation.

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS MARTIN on behalf of himself and others similarly situated, | ) ) | |
| Plaintiff, | ) | 1:10-cv-7725 |
| | ) | Judge St. Eve |
| | ) | Magistrate Judge Gilbert |
| v. | ) | |
| | ) | JURY DEMANDED |
| BUREAU OF COLLECTION RECOVERY, LLC, | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S FIRST DISCOVERY REQUESTS**

Plaintiff Nicholas Martin ( "plaintiff" or "Martin") hereby request that defendant Bureau of Collection Recovery, LLC ("BCR" or "Defendant") respond to the following requests for admissions, interrogatories, and document requests. Documents should be copied and sent to plaintiff's counsel on the date the response is due.

Throughout this request:

1.     Unless otherwise specified in a particular paragraph, the time period covered by this request is December 6, 2006 to December 6, 2010.

2.     If you are declining to produce any document or respond to any paragraph in whole or in part because of a claim of privilege, please: (a) identify the subject matter, type (e.g., letter, memorandum), date, and author of the privileged communication or information, all persons that prepared or sent it, and all recipients or addressees; (b) identify each person to whom the contents of each such communication or item of information have heretofore been disclosed, orally or in writing; (c) state what privilege is claimed; and (d) state the basis upon which the privilege is claimed.

1

3.      If any document requested was, but no longer is, in your possession or subject to your control, please state: (a) the date of its disposition; (b) the manner of its disposition (e.g., lost, destroyed, transferred to a third party); and (c) an explanation of the circumstances surrounding the disposition of the document.

4.      All requests are also directed to all parent, related, affiliate and subsidiary companies of defendant, to the greatest extent permissible under the discovery rules.

5.      The requested materials should be produced in native format with all metadata intact, together with a bates-stamped copy produced in pdf format to help keep track of materials that have, or have not, been produced. To the extent that defendant finds this to be unduly burdensome for any particular document or set of documents, plaintiff asks that defendant explain in what format it maintains such materials in its written response, and timely meet and confer with plaintiff's counsel regarding these issues before the responses are due. Data for class members should be produced in sql format; plaintiff's counsel requests that defense counsel meet and confer with plaintiff before the responses are due with regard to formatting in order to make such process as efficient as possible.

6.      "<u>Predictive Dialer</u>" as used herein means a telephone system that dials telephone numbers without human intervention.  "<u>Prerecorded Message</u>" means any message during a telephone call that was (a) partially or completely recorded before the call was made, and (b) automatically relayed during a telephone call, without regard to whether such was performed to a live person, or on a  person's voice mail.

7.      For any request, if you contend that providing a complete response to any request is impracticable or impossible, please provide the most complete response as possible,

explain what components or responsive information or documents is missing, and why you contend production of those materials is impossible or impracticable.

Other instructions and definitions to be used in making your response are attached hereto as Exhibit A.

If you contend that any paragraph of this request is ambiguous or unduly burdensome, please contact the undersigned immediately upon recognition of this contention, and an effort will be made to remedy the problem.

## REQUESTS FOR ADMISSION

1.      You received the communication attached as Exhibit A, in August, 2010.

## INTERROGATORIES

1.      If you contend you did not receive the fax attached as Exhibit A, identify and explain all steps you have ever taken to determine whether you ever received any fax from plaintiff.  Include, for example, what document and data preservation method(s) you used (ESI and other), what types of inquiries were made, on what systems inquiries or investigations were made.

2.      If you contend you did not receive the fax attached as Exhibit A, identify all systems you used with respect to communications on the phone number 952-259-1133 from August 1, 2010 to August 30, 2010.  A complete response will include, for example, the make, model and serial number of any fax machine or fax computer, any software used, the phone company(ies) involved and the person(s) in charge of such fax machine at the time.

3.      If you contend you did not receive the fax attached as Exhibit A, identify all modifications made to the fax machine or system at 952-259-1133 from August 1, 2010 to the present.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Please produce:

1.      All transaction logs and records for any fax machine that was connected to 952-259-1133 from August 1, 2010 to August 30, 2010.

2.      Please preserve and produce all data on all fax machines that were connected to 952-259-1133 from August 1, 2010 to August 30, 2010.  Please consult with plaintiff's counsel

3.      All records of communications relating to the telephone number 952-259-1133 from August 1, 2010 to August 30, 2010, including the communications themselves.

4.      All documents reviewed, referred to or generated during your investigation with regard to this case, preservation of ESI or other materials regarding your fax machine/system.




/s/Alexander H. Burke

BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**INSTRUCTIONS AND DEFINITIONS**

**Definitions**

A. The term "document" includes, by way of illustration only and not by way of limitation, the following, whether printed or reproduced by any process, or written and/or produced by hand: ledgers; notes; correspondence; communications of any nature; telegrams; memoranda; notebooks of any character; summaries or records of personal conversations; diaries; reports; publications; photographs; microfilm, microfiche, and similar media; minutes or records of meetings; transcripts of oral testimony or statements; reports and/or summaries of interviews; reports and/or summaries of investigations; court papers; brochures; pamphlets; press releases; drafts of, or revisions of drafts of, or transcriptions of, any document; tape recordings; dictation belts; invoices; bills; accounting records; telephone toll records; and disks, tapes, and other magnetic or electronic information storage media. Any document or reproduction of a document bearing on any sheet or side thereof any marks, including by way of illustration only and not by way of limitation initials, stamped indicia, any comment or any notation of any character and not a part of the original text, is to be considered a separate document.

B. References to "you" or any named entity or individual include agents, employees, and attorneys of that person, whether or not acting within the scope of their authority; all other persons acting on behalf of the person referred to; and in the case of an entity, its merged or acquired predecessors.

C. "Person" includes any individual, corporation, partnership, joint venture, firm, association, proprietorship, governmental agency, board, authority, or commission, or other entity.

D. "Identify" or "identification," when used with respect to a person, means to state the name, last known address, telephone number, and if a corporation or other entity, the principal place of business of the person.

E. "Identify" or "identification," when used with respect to a document, means to state the general nature' of the document (i.e., letter, memorandum, etc.); the name of the author or originator; each addressee; all individuals designated on the document to receive a copy or otherwise known to have received a copy; the date, title, and general subject matter of the document; the present custodian of each copy thereof and the last known address of each such custodian; and the date of the making of the document.

F. "Communication" includes every manner or means of disclosure, transfer, or exchange of information, and every disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

G. "Identify" or "identification," when used with respect to a communication, means to state the date of the communication; the type of communication (i.e., telephone conversation,

meeting, etc.); the place where the communication took place; the identification of the person who made the communication; the identification of each person who received the communication and of each person present when it was made; and the subject matter discussed.

H. "Relates" includes constitutes, describes, discusses, ref1ects, refers to, and logically pertains to.

I.  "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. §227 et seq, implementing regulations 47 C.F.R. 64.1200, and all valid FCC opinions interpreting such.

**Instructions**

1. All documents within your possession, custody, or control or that of your agents, employees, and attorneys shall be produced. Without limitation of the term "control" as used in the preceding sentence, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person having actual possession thereof.

2. To the extent any paragraph is objected to, please set forth all reasons for your objection.

3. If you prefer, you may provide legible copies of document that reflect all markings, notations, and highlighting on the originals.

4. Documents to be produced shall be either (1) organized as they are kept in the usual course of business or (2) organized and labeled to correspond with the paragraphs of the request for production.

5. The singular includes the plural number, and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

6. To the extent that any document cannot be furnished, such documents as are available shall be supplied, together with a description of the documents not furnished and the reason for not furnishing them.

7. "And" and "or" shall be interpreted to mean "and/or," so that said terms are given their broadest possible meaning.

8. If you are producing a document, you need not provide the information specified in paragraph E with respect to that document.

**CERTIFICATE OF SERVICE**

I, Alexander H. Burke, certify that on January 27, 2011, I served this document via email delivery to:

David M. Schultz dschultz@hinshawlaw.com
James Constantine Vlahakis    jvlahakis@hinshawlaw.com

/s/Alexander H. Burke

# Exhibit A

Nicholas Martin
PO Box 4030
Chicago, IL 60654-4030

August 13, 2010

**<u>VIA FASCIMILE TO 952-259-1133</u>**
Bureau of Collection Recovery
7575 Corporate Way
Eden Prairie, MN 55344-2022

Ladies and Gentlemen:

Please be advised that I dispute the claimed debt which might be the subject of your calls to my phone.

Please provide any contract or agreement I signed and an account history showing how you arrived at the conclusion that I owe the amounts claimed.

Furthermore, you are hereby requested, as required by the Uniform Commercial Code, to provide copies of assignments and other documents showing that you or your principal is in fact the assignee of the debt described above and that you are legally authorized to attempt to collect the claimed debt from me.

Unless and until such proof is furnished, I do not recognize any right on your part to attempt to collect any amount from me through any means whatever, including credit reporting. I refuse to pay any debt that has not been substantiated in the manner I request and direct you to cease further communications unless and until you can provide such substantiation.

In addition, please take notice that any phone calls are inconvenient. As such, please refrain from placing such calls.

Sincerely,

Nicholas Martin

```
┌─────────────────────────────────────────────┐
│   TRANSMISSION VERIFICATION REPORT          │
└─────────────────────────────────────────────┘

                                    TIME  : 08/13/2010 09:07
                                    NAME  : GENERAL
                                    FAX   : 7734628552
                                    TEL   : 7734628552
                                    SER.# : BROE4J585570
```

| | |
|---|---|
| DATE,TIME | 08/13  09:07 |
| FAX NO./NAME | 919522591133 |
| DURATION | 00:00:15 |
| PAGE(S) | 01 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |

Nicholas Martin
PO Box 4030
Chicago, IL 60654-4030

August 13, 2010

**VIA FASCIMILE TO 952-259-1133**
Bureau of Collection Recovery
7575 Corporate Way
Eden Prairie, MN 55344-2022

Ladies and Gentlemen:

Please be advised that I dispute the claimed debt which might be the subject of your calls to my phone.

Please provide any contract or agreement I signed and an account history showing how you arrived at the conclusion that I owe the amounts claimed.

Furthermore, you are hereby requested, as required by the Uniform Commercial Code, to provide copies of assignments and other documents showing that you or your principal is in fact the assignee of the debt described above and that you are legally authorized to attempt to collect the claimed debt from me.

Unless and until such proof is furnished, I do not recognize any right on your part to attempt to collect any amount from me through any means whatever, including credit reporting. I refuse to pay any debt that has not been substantiated in the manner I request and direct you to cease further communications unless and until you can provide such substantiation.

# Exhibit C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

NICHOLAS MARTIN on behalf of himself and   )
others similarly situated,:   )
   )
       Plaintiff,   )
   )
   )   1:10-cv-7725
v.   )
   )   Judge St. Eve
BUREAU OF COLLECTION RECOVERY,   )
LLC,   )
   )
       Defendant.   )

## ANSWERS AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF DISCOVERY

NOW COMES the Defendant, BUREAU OF COLLECTION RECOVERY, LLC, ("Defendant"), by and through its undersigned counsel, and for its Answers to Plaintiff's Second Set of Discovery, states as follows:

### Request to Admit

1.    You received the communication attached as Exhibit A, in August, 2010.

**Answer:**    Objection, the parties have settled Plaintiff's FDCPA claim which alleged that Defendant failed to calling him after receiving a cease and desist letter. Further, Plaintiff's Second Set of Discovery was filed immediately after Defendant had suggested that it would move for summary judgment on this claim because its records appeared to demonstrate that the facsimile machine in question was not operation on August 13, 2010, the date on which the subject facsimile was allegedly sent. Subsequently, Defendant learned that the facsimile was sent to a different number (not the one assigned to the malfunctioning machine). Defendant, however, does not have any records showing incoming facsimiles during the week of August 9, 2010, because the person assigned to logging incoming facsimiles failed to record incoming facsimiles. The employee in question was terminated shortly after August 10, 2010. Against

this backdrop, consistent with FRCP 37(c)(2), Defendant states that lacks knowledge or information sufficient to *admit* the above Request. In so answering, Defendant states that *it does not have any information to dispute* that it was sent the subject facsimile on August 13, 2010, as Plaintiff contends. Further answering, Defendant cannot admit or deny receiving the facsimile because facsimile machine's internal data records from the asserted time period of August 2010, were overridden prior to Defendant receiving notice of this lawsuit, which occurred on or about December 15, 2010. Accordingly, while Defendant cannot admit that it received the facsimile in question, it does not believe that it can dispute receiving the facsimile in question consistent with FRCP 11.


By: s/ James C. Vlahakis
One of the Attorneys for Defendants
BUREAU OF COLLECTION RECOVERY,
LLC.

HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
Phone No: (312) 704-3000
Fax No: (312) 704-3001
E-mail: jvlahakis@hinshawlaw.com

2

130096911v1 0919293 07791

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on May 9, 2011 he served a copy of attached document to the attorney(s) designated below by email service before 5:00 p.m.

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
**ABurke@BurkeLawLLC.com**

By: s/ James C. Vlahakis
One of the Attorneys for Defendants
BUREAU OF COLLECTION RECOVERY, LLC.

HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
Phone No: (312) 704-3000
Fax No: (312) 704-3001
E-mail: jvlahakis@hinshawlaw.com

3