**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS MARTIN on behalf of himself and others similarly situated,<br>     Plaintiff,<br><br>          v.<br><br>BUREAU OF COLLECTION RECOVERY, LLC,<br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1:10-cv-7725<br>Judge St. Eve<br>Magistrate Judge Gilbert<br><br>JURY DEMANDED |

**PLAINTIFF'S SECOND MOTION TO COMPEL**

Plaintiff Nicholas Martin respectfully requests that this Court compel defendant Bureau of Collection Recovery, LLC ("BCR") to provide discovery concerning its affirmative defenses and the class members.  In support of this motion, plaintiff states:

This is a Telephone Consumer Protection Act, 47 U.S.C. § 227(b), case, alleging that the defendant debt collection agency improperly called plaintiff and others on their cellular telephones using an automatic telephone dialing system, and using a prerecorded or artificial voice.  The TCPA proscribes calling anyone on their cellular telephones using such equipment unless the caller can prove that it had the "prior express consent" of the called party to make such calls.  *Sengenberger v. Credit Control Services, Inc.*, 2010 WL 1791270, at *6 (N.D.Ill. May 5, 2010).

The FCC has held that "prior express consent" can be proved by a debt collector through a showing that the called party provided the cellular telephone directly to the creditor, or to the debt collector, in connection with the particular debt.  *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket 02-278, available at 2008 WL 65845, ¶¶ 9-11 (Jan. 4, 2008) (Appendix 1).

Despite having indicated that it plans to raise "prior express consent" as an affirmative defense, BCR admitted during a deposition conducted on May 17, 2011, that it has no evidence that plaintiff provided any "prior express consent" to be called on his cellular telephone with an autodialer or with use of a prerecorded message.

Plaintiff has requested similar information regarding "prior express consent" as to the proposed class members in this case. Instead of providing a substantive response, defendant objected, arguing that providing such information is overly burdensome, and because no class has been certified.

Every court to consider the issues herein has compelled the TCPA defendant to produce evidence of its class-wide defenses:

- *Donnelly v. NCO Financial Systems, Inc.*, 263 F.R.D. 500 (N.D.Ill. Dec. 16, 2009)(Nolan, J.) Fed.R.Civ.P. 72 objections overruled in toto, 2010 WL 308975 (N.D.Ill. Jan 13, 2010)(Guzman, J.); Appendix 2;

- *Fike v. The Bureaus, Inc.*, 1:09-cv-2558, transcript of proceedings at 16-23 (Nov. 11, 2009)(Keys, J.) Appendix 3;

- *Balbarin v. North Star Capital Acquisition, LLC*, 1:10-cv-1846 (Nov. 9, 2010)(Cox, J.) Appendix 4, TCPA autodialer class certified at 2011 U.S. Dist. LEXIS 686 (N.D. Ill. Jan. 5, 2011), reconsideration denied, 2011 WL 211013 (Jan. 21, 2011);

- *Martin v. CCH*, 10-cv- 3494 (N.D.Ill.) transcript of proceedings at 21-24 (Dec. 7, 2010) Appendix 5.

- *Mack v. MRS & Assoc.*, 1:10-cv-4244, transcript of proceedings (Feb. 25, 2011) Appendix 6; Fed.R.Civ.P. 72 objections overruled in toto transcript of proceedings at 16-17 (March 15, 2011) Appendix 7;

BCR wants its cake and to eat it too: it wants to use the theoretical existence of an affirmative defense to bar certification, while at the same time not provide any discovery related to this would-be defense. This Court should follow judges Nolan, Guzman, Keys, Cox, Ashman and Hibbler and compel this discovery.

I. __Rule 37 Meet and Confer__

Plaintiff first issued the discovery at issue on January 14, 2011. __Exhibit A__. BCR responded in two parts, attached hereto as __Exhibit B__, on April 15, 2011. The parties then engaged in talks about whether BCR would (1) produce evidence relating to prior express consent, (2) admit that it did not have prior express consent for calls to the class members, or (3) stand on its objections (as defense counsel did in each and every other case when this information was compelled).

For a period of several weeks, defense counsel indicated that BCR was considering making a binding concession that it did not have evidence of "prior express consent" for persons who did not give their cellular telephone numbers to the original creditor or to BCR. However, during a telephone conversation on or about May 11, 2011, defense counsel James Vlahakis indicated for the first time that BCR was standing on its objections as to these discovery requests. The parties have reached an impasse -- plaintiff therefore moves to compel.

II.    **Discovery Generally**

"Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The Rules have broadened the scope of discovery to "any matter, not privileged, that is relevant to the claim or defense of any party.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).

"[T]he discovery-deposition provisions of the Federal Rules, were intended to insure 'proper litigation' by making the trial less a game of blindman's buff and more a fair contest

with the basic issues and facts disclosed to the fullest practicable extent." *Goldman v. Checker Taxi Co*., 325 F.2d 853, 855 (7th Cir. 1963) (internal citations and quotations omitted). Furthermore, complete interrogatory responses may help the parties avoid unnecessary depositions and further cost to the parties. *In re Shopping Carts Antitrust Litigation*, 95 F.R.D. 299, 307-308 (S.D.N.Y. 1982).

"[T]he mere statement by a party that the interrogatory was "overly broad, burdensome, oppressive and irrelevant" is not adequate to voice a successful objection to an interrogatory. On the contrary, the party resisting discovery "must show specifically how ... each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive." *Josephs v. Harris Corp.,* 677 F.2d 985, 992 (3d Cir. 1982).

Compelling production of materials sought promotes justice and quick resolution a matter. *Yancey v. Hooten*, 180 F.R.D. 203 (D.Conn. 1998) (compelling discovery in FDCPA case). *Lucas v. GC Services*, 226 F.R.D. 328 (N.D.Ind. 2004) (FDCPA 1692g action) (sister case lost merits on appeal) compelling all discovery requests as sanction. "The defendants do not get to determine unilaterally the scope and timing of discovery." *Lucas v. GC Servs. L.P.*, 226 F.R.D. 328, 331 (N.D. Ind. 2004).

An attorney is required to monitor discovery compliance and ensure that the client has both preserved potentially discoverable electronic materials, and that the client has performed a reasonable search. See Fed.R.Civ.P. 26(b)(2); *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422 (S.D.N.Y. 2004); *Qualcomm Inc. v. Broadcom Corp.*, 2008 WL 66932 (S.D.Cal. Jan 07, 2008), vacated in irrelevant part, 2008 WL 638108 (S.D.Cal. Mar 05, 2008). The result of this is likely waiver. *Ner-Tamid Congregation of North Town v. Krivoruchko*, 2009 WL 152587, 08 C 1261

(N.D.Ill. Jan. 22, 2009); *Mosley v. City of Chicago*, 252 F.R.D. 445 (N.D.Ill. 2008).  The result of

the failure to perform an adequate search is wavier.

Compelling the requests herein will promote swift resolution of this case.  Fed.R.Civ.P. 1.

**III.     BCR Should be Compelled to Produce the Class List and Evidence Relating to its Affirmative Defenses.**

Plaintiff thus requested a list of persons that defendant called using the proscribed

equipment, and information relating to its affirmative defenses as to those persons:

Interrogatory 4:  Identify each telephone call to each of the following set of persons:

All persons with area code 630 telephone numbers who defendant or some person on its behalf called on their cell phone and used a prerecorded or artificial voice message, where defendant obtained the phone number called through skip tracing or other similar means and cannot show that it had the prior express consent of the called party, where any call was made between and including December 6, 2006, and December 6, 2010.

For purposes of this interrogatory, "identify" means to provide at least the following information: the number called, the person defendant was attempting to reach, the date and time of the calls, who or what dialed the telephone number, whether there was ever a human being on defendant's side of the telephone call, and what the outcome of the call was (e.g. whether the call was answered, an automated or manual message left). Please provide this information in a format that is accessible through Concordance software.

Interrogatory 5: For each of the following persons, identify all data, documents, testimony, information or anything else that supports any claim that you had that person's prior express consent to call using an "automatic telephone dialing system" or prerecorded or artificial voice, and explain precisely how such data, documents, testimony or information supports such claim for each such person:

All persons with area code 630 telephone numbers who defendant or some person on its behalf called on their cell phone and used a prerecorded or artificial voice message, where defendant obtained the phone number called through skip tracing or other similar means and cannot show that it had the prior express consent of the called party, where any call was made between and including December 6, 2006, and December 6, 2010.[1]

---

[1] The class definition was narrowed in the motion for class certification, and the definition in the discovery requests has similarly been narrowed.

Interrogatory 7: Identify all documents, data and information that supports or refutes any claim or defense in this case, as to each class member.

Document Request 3: All documents that support or refute any affirmative defense in this case.

Document Request 4: All documents for any person responsive to interrogatory 4 and 5, including but not limited to identifying data, call records, prerecorded messages used and materials related to prior express consent.

Exhibit A.  Defendant's responses to these requests are in Exhibit B.

BCR's response to these requests was to admit that it had identified 5,134 630 area code cell phone numbers it had called, which numbers it obtained through skip tracing, but that it would not produce records relating to these calls because doing so would be overly burdensome because it does not think it should have to provide discovery supporting its affirmative defense, and because it thinks production of a class list is premature.

As six judges in this District have found, see Appendix 1 through 6, defendant is incorrect.  A party cannot permissibly assert a defense and then refuse to provide the opposing party with evidentiary support for such. Fed.R.Civ.P. 26(b)(1) expressly provides that such information is discoverable:

> unless otherwise limited by court order, the scope of discovery is as follows:  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense -- including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. [Fed.R.Civ.P. 26(b)(1); Emphasis added.]

Furthermore, it is well-established that a plaintiff may take discovery on class certification issues, including the class list, before a class has been certified. 2003 Advisory committee note to Fed.R.Civ.P. 23(c)(1)(A); *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890 (7th Cir. 1981); accord, *Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 571-72 (2d Cir. 1982); *Dillon v. Bay City Construction Co., Inc.*, 512 F.2d at 804 (4th Cir. 1979); *Pittman v. E.I.*

*duPont de Nemours & Co., Inc.*, 552 F.2d 149, 150 (5th Cir. 1977), *Parker v. Risk Mgmt. Alternatives, Inc.*, 206 F.R.D. 211, 214 (N.D.Ill. 2002) (FDCPA Case); *Morris v. Risk Mgmt. Alternatives, Inc.*, 203 F.R.D. 336, 341( N.D.Ill. 2001) (FDCPA case); *Nash v. City of Oakwood*, 90 F.R.D. 633, 636-637 (S.D. Ohio 1981); *National Org. for Women v. Sperry Rand Corp*., 88 F.R.D. 272, 277 (D. Conn. 1980); also see *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351, n.13 (1978).

Typically, such as in an FDCPA case, providing the number of class members would be sufficient at this point in the litigation. However, in this case plaintiff needs more. BCR is expected to argue that the mere *possibility* that some class members may have consented to receive calls precludes certification. In other words, BCR is trying to use its non-responsiveness as a sword and a shield: "I'm not giving you this information, and your failure to get it defeats certification."

Plaintiff believes that the response for each class member will look a lot like the response BCR provided for plaintiff: we have no evidence of consent. Indeed, during a deposition taken on May 18, 2011, which has not yet been transcribed, BCR's compliance manager stated that the only two places prior express consent might exist are in BCR's "account notes" for each class member, which BCR has already identified, and in the original contract between the debtor and creditor. It is highly unlikely that the original contracts have the debtors' cell phone numbers, however, because the class is limited to persons whose cell phone numbers BCR obtained from some source other than the original creditor.

In sum, it appears that, although BCR has raised the possibility of a "prior express consent" defense, no discovery or evidence exists that supports that defense. Certainly if there

is, BCR should not be permitted to keep such information from plaintiff, while at the same time argue that individual issues regarding such defenses preclude certification.

**CONCLUSION**

As Judge Keys put it to the same defense lawyer in this case less than three months ago:

THE COURT: It is one of those things that you either put up or you shut up. If you can't prove [prior express consent], you know, that is problematic for you."

MR. VLAHAKIS: Uh-huh.

THE COURT: Okay? And I would guess that somewhere along the line eventually you are going to find that some of these people consented. But that's on you. That's your burden. So I'm granting the motion to compel in its entirety. ...

Appendix 6 at 22.

Plaintiff's motion to compel should be granted.

/s/Alexander H. Burke

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS MARTIN on behalf of himself and others similarly situated, | ) | |
| Plaintiff, | ) | 1:10-cv-7725 |
| | ) | Judge St. Eve |
| | ) | Magistrate Judge Gilbert |
| v. | ) | |
| | ) | JURY DEMANDED |
| BUREAU OF COLLECTION RECOVERY, LLC, | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFFS' FIRST DISCOVERY REQUESTS**

Plaintiff Nicholas Martin ( "plaintiff" or "Martin") hereby request that defendant Bureau

of Collection Recovery, LLC ("BCR" or "Defendant") respond to the following requests for

admissions, interrogatories, and document requests. Documents should be copied and sent to

plaintiff's counsel on the date the response is due.

Throughout this request:

1.    Unless otherwise specified in a particular paragraph, the time period covered by

this request is December 6, 2006 to December 6, 2010.

2.    If you are declining to produce any document or respond to any paragraph in

whole or in part because of a claim of privilege, please: (a) identify the subject matter, type

(e.g., letter, memorandum), date, and author of the privileged communication or information,

all persons that prepared or sent it, and all recipients or addressees; (b) identify each person to

whom the contents of each such communication or item of information have heretofore been

disclosed, orally or in writing; (c) state what privilege is claimed; and (d) state the basis upon

which the privilege is claimed.

3.      If any document requested was, but no longer is, in your possession or subject to your control, please state: (a) the date of its disposition; (b) the manner of its disposition (e.g., lost, destroyed, transferred to a third party); and (c) an explanation of the circumstances surrounding the disposition of the document.

4.      All requests are also directed to all parent, related, affiliate and subsidiary companies of defendant, to the greatest extent permissible under the discovery rules.

5.      The requested materials should be produced in native format with all metadata intact, together with a bates-stamped copy produced in pdf format to help keep track of materials that have, or have not, been produced. To the extent that defendant finds this to be unduly burdensome for any particular document or set of documents, plaintiff asks that defendant explain in what format it maintains such materials in its written response, and timely meet and confer with plaintiff's counsel regarding these issues before the responses are due. Data for class members should be produced in sql format; plaintiff's counsel requests that defense counsel meet and confer with plaintiff before the responses are due with regard to formatting in order to make such process as efficient as possible.

6.      "Predictive Dialer" as used herein means a telephone system that dials telephone numbers without human intervention.  "Prerecorded Message" means any message during a telephone call that was (a) partially or completely recorded before the call was made, and (b) automatically relayed during a telephone call, without regard to whether such was performed to a live person, or on a  person's voice mail.

7.      For any request, if you contend that providing a complete response to any request is impracticable or impossible, please provide the most complete response as possible,

explain what components or responsive information or documents is missing, and why you contend production of those materials is impossible or impracticable.

Other instructions and definitions to be used in making your response are attached hereto as Exhibit A.

If you contend that any paragraph of this request is ambiguous or unduly burdensome, please contact the undersigned immediately upon recognition of this contention, and an effort will be made to remedy the problem.

## REQUESTS FOR ADMISSION

1.      BCR has at least four telephone systems that it uses for calling debtors, all of which are located in Minnesota; two in Edina, Minnesota and two in Eden Prairie, Minnesota.

2.      More than 75% of the telephone calls made through BCR's Dialers are made as part of a dialing campaigns.

3.      On August 13, 2010, BCR received a call from plaintiff.

4.      BCR identified the call as from plaintiff through caller ID or similar technology permitting the recipient of a call to see from what phone number the call was placed.

5.      During the call, plaintiff told the BCR representative that it should change its address for plaintiff.

6.      The representative told plaintiff that a validation letter would be sent to that address, and indicated that plaintiff's address had been updated in defendant's system.

7.      Upon information and belief, BCR did, in fact, add the PO box plaintiff listed, to its computer files for plaintiff.

8.      Also on August 13, 2010, BCR received the letter attached as Exhibit A.

3

9.     Despite having received the fax, defendant called plaintiff on numerous subsequent occasions.

10.     BCR called plaintiff using its Dialer on 8/13/2010 at approximately 17:20.

11.     BCR called plaintiff using its Dialer on 8/16/2010 at approximately 19:23.

12.     BCR called plaintiff using its Dialer on 8/17/2010 at approximately 20:22.

13.     BCR called plaintiff using its Dialer on 8/19/2010 at approximately 19:05.

14.     BCR called plaintiff using its Dialer on 8/20/2010 at approximately 18:38.

15.     BCR called plaintiff using its Dialer on 8/23/2010 at approximately 17:12.

16.     BCR called plaintiff using its Dialer on 8/24/2010 at approximately 18:23.

17.     BCR called plaintiff using its Dialer on 8/25/2010 at approximately 15:32.

18.     BCR called plaintiff using its Dialer on 8/26/2010 at approximately 15:28.

19.     BCR called plaintiff using its Dialer on 8/27/2010 at approximately 15:23.

20.     BCR called plaintiff using its Dialer on 8/30/2010 at approximately 19:37.

21.     BCR called plaintiff using its Dialer 8/31/2010 at approximately 19:23.

22.     BCR called plaintiff using its Dialer on 9/3/2010 at approximately 16:44.

23.     BCR called plaintiff using its Dialer on 9/7/2010 at approximately 20:07.

24.     BCR called plaintiff using its Dialer on 9/8/2010 at approximately 16:56.

25.     BCR called plaintiff using its Dialer on 9/10/2010 at approximately 15:47.

26.     BCR called plaintiff using its Dialer 9/12/2010 at approximately 16:07.

27.     BCR called plaintiff using its Dialer on 9/14/2010 at approximately 16:08.

28.     BCR called plaintiff using its Dialer 9/16/2010 at approximately 19:27.

29.     BCR called plaintiff using its Dialer on 9/20/2010 at approximately 16:45.

30.     BCR called plaintiff using its Dialer 9/21/2010 at approximately 18:17.

31.  BCR called plaintiff using its Dialer on 9/22/2010 at approximately 17:16.

32.  BCR called plaintiff using its Dialer on 9/23/2010 at approximately 14:51.

33.  BCR called plaintiff using its Dialer on 9/24/2010 at approximately 9:49.

34.  BCR called plaintiff using its Dialer on 9/27/2010 at approximately 10:05.

35.  BCR called plaintiff using its Dialer on 9/28/2010 at approximately 16:17.

36.  BCR called plaintiff using its Dialer on 9/29/2010 at approximately 9:00.

37.  BCR called plaintiff using its Dialer on 9/30/2010 at approximately 19:56.

38.  BCR called plaintiff using its Dialer on 10/4/2010 at approximately 9:43.

39.  BCR called plaintiff using its Dialer on 10/5/2010 at approximately 19:20.

40.  BCR called plaintiff using its Dialer on 10/7/2010 at approximately 12:04.

41.  BCR called plaintiff using its Dialer on 10/12/2010 at approximately 10:16.

42.  BCR called plaintiff using its Dialer on 10/13/2010 at approximately 15:38.

43.  BCR called plaintiff using its Dialer on 10/20/2010 at approximately 19:06.

44.  BCR called plaintiff using its Dialer on 11/2/2010 at approximately 20:16.

45.  BCR called plaintiff using its Dialer on 11/5/2010 at approximately 9:20.

46.  BCR called plaintiff using its Dialer on 11/17/2010 at approximately 19:18.

47.  BCR called plaintiff using its Dialer on 11/18/2010 at approximately 19:32.

48.  BCR called plaintiff using its Dialer on 11/29/2010 at approximately 19:08.

49.  BCR called plaintiff using its Dialer on 11/30/2010 at approximately 20:16.

50.  The dialer dialed plaintiff's cellular telephone number for each of the thirty nnine calls listed in the previous requests for admission.

51.  BCR called plaintiff thirty nine times using its Dialer.

5

52.     BCR's dialers are "automatic telephone dialing systems" as defined by the Federal Communications Commission.

53.     All messages left by BCR that included a recorded message were "prerecorded messages" as that term is used in the TCPA.

54.     There are more than 10,000 persons that fall within the following criteria: Persons with area code 630 cell phone numbers that defendant or some person on its behalf called between and including December 6, 2006, and December 6, 2010.

55.     There are more than 40 persons that fall within the following criteria:  Persons with area code 630 cell phone numbers that defendant or some person on its behalf called where defendant cannot prove that it had the prior express consent of the called party, where any call was between and including December 6, 2006, and December 6, 2010.

56.     As of responding the date of responding to this request for admission, defendant does not know whether or not it can prove prior express consent to have made calls using an automatic telephone dialing system or prerecorded or artificial voice, to more than 100 of the persons that fall within the following set:

Persons with area code 630 cell phone numbers that defendant or some person on its behalf called using its Dialer or Prerecorded Message, where any call was between and including December 6, 2006, and December 6, 2010.

57.     Defendant does not have a practice of obtaining documentary proof of "prior express consent" before it uses its Dialers to call phone numbers.

### INTERROGATORIES

1.     Identify all attempted and successful communications (including telephone calls) to and from plaintiff.  Include the date and time of each (including calls or attempted calls), who

or what dialed the number, all messages (prerecorded or live),  all equipment and systems used, the telephone company(ies) that serviced line for each call, the Predictive Dialer that was used, the Prerecorded Message used.

2.      Identify and explain all written and unwritten policies, practices and procedures concerning use of Predictive Dialers and Prerecorded Messages, going back to when you first considered using such, and ending on December 6, 2010.

3.      Identify and state the location and the person who has possession, custody or control of any document, data or information regarding your Dialers or Prerecorded Messages, that is not being produced because of any objection, privilege, or because you contend that such is not within your possession, custody or control.

4.      Identify each telephone call to each of the following set of persons:

All persons with area code 630 telephone numbers who defendant or some person on its behalf called on their cell phone using a predictive dialer, Dialer and/or prerecorded or artificial voice, where defendant cannot show that it had the prior express consent of the called party, where any call was made between and including December 6, 2006, and December 6, 2010.

For purposes of this interrogatory, "identify" means to provide at least the following information:  the number called, the person defendant was attempting to reach, the date and time of the calls, who or what dialed the telephone number, whether there was ever a human being on defendant's side of the telephone call, and what the outcome of the call was (e.g. whether the call was answered, an automated or manual message left).  Please provide this information in a format that is accessible through Concordance software.

5.      For each of the following persons, identify all data, documents, testimony, information or anything else that supports any claim that you had that person's prior express consent to call using an "automatic telephone dialing system" or prerecorded or artificial voice,

and explain precisely how such data, documents, testimony or information supports such claim

for each such person:

> All persons with area code 630 telephone numbers who defendant or some person on
> its behalf called on their cell phone using a predictive dialer, Dialer and/or prerecorded
> or artificial voice, where defendant cannot show that it had the prior express consent of
> the called party, where any call was made between and including December 6, 2006,
> and December 6, 2010.

6.      Identify and explain all policies, practices and procedures regarding use of

automatic dialing systems, prerecorded voice messages and artificial voice messages and the

complete history of each.  Please include a detailed description of policy, practices or procedure

the date it was first considered, the date it was implemented, all persons involved in its

consideration, implementation and, if applicable, termination.  Please respond to this

interrogatory without regard to time; in other words, disregard the timeframe set forth in the

instructions for these requests.  If any policy, practice or procedure changed over time, please

explain the changes, and provide a timeline for such.

7.      Identify all documents, data and information that supports or refutes any claim

or defense in this case, as to each class member.

8.      Identify any third party involved with use or implementation of your Dialer or

use of Prerecorded or artificial voice messages.  A complete response would include, for

example, any supplier of Dialer software or hardware (e.g. Avaya), any person that makes or

made calls on your behalf during the class period (i.e. Soundbite or Livevox), and any person

that supplied voice message services.

9.      With respect to each expert, retained or nonretained, whom you will or may call

upon to give evidence or testimony in connection with this case, please state: (a) his name,

address, telephone number, occupation, and current employment; (b) the subject matter of his

8

expertise; (c) his educational background, academic degrees, employment history, employment experience, and any other matters which you contend qualify him as an expert; (d) the substance of all facts and opinions to which he could testify if called as a witness; (e) a summary of the grounds for each such opinion.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Please produce:

1.      All documents, records, data, recordings and other materials relating to plaintiff, or which are indexed, filed or retrievable under plaintiffs' names or any number, symbol, designation or code (such as an account number or Social Security number) assigned to plaintiff.

2.      All documents showing, or relating to, any policies, practices or procedures concerning calling or attempting to call telephone numbers using a Predictive Dialer or Prerecorded Message.  A full response would include manuals, memoranda and emails.  Please search the most likely places for this information to exist, including the computer files of

3.      All documents that support or refute any affirmative defense in this case.

4.      All documents for any person responsive to interrogatory 4 and 5, including but not limited to identifying data, call records, prerecorded messages used and materials related to prior express consent.

5.      All documents, data or other materials referenced in your response to any discovery request in this case.

6.      All documents, data or other materials you reviewed or referenced in responding to any discovery request in this case.

7.      All manuals, memoranda, instructions and other documents which discuss, describe or set forth standards, criteria, guidelines, policies or practices relating to the Telephone Consumer Protection Act as they relate to making calls using a Predictive Dialer and/or Prerecorded Message.

8.      A copy of the complaint for any lawsuit against you for violation of the TCPA.

9.      A copy of any written complaint and your response (formal or informal) you or your attorneys have ever received that complains about telephone calls to incorrect numbers, including but not limited to calls using your Predictive Dialer and Prerecorded Messages, without regard to date.

10.     All documents from ACA International or other trade publications or conferences that concern making automated telephone calls to debtors, including but not limited to fastfax, internet items to which you or your attorney had access, flyers, publications, emails, audio files and presentations.

11.     All documents from any source that concern the legality or propriety of making telephone calls to debtors using your Predictive Dialer, Prerecorded Message, an autodialer or a prerecorded or artificial voice.

12.     All documents (irrespective of date) that discuss defendant's compliance or lack of compliance with the Telephone Consumer Protection Act.

13.     All organizational charts of defendant showing personnel.

14.     All organizational charts of defendant showing ownership and/or corporate structure.

15.     All documents concerning or relating to any effort, ever, by you to determine a process, policy or practice whereby you could determine whether a telephone number is or was a cellular telephone number.

16.     All documents concerning or relating to any effort, ever, by you to determine a process, policy or practice whereby you could use your Predictive Dialer or Prerecorded Message, and still comply with the TCPA.

17.     All insurance policies that could possibly afford any coverage with respect to the matters complained of in this case together with all correspondence accepting or declining coverage or reserving rights with respect thereto.

18.     All documents relating to the maintenance by defendant of policies, practices or procedures adapted to avoid calling persons who did not consent, or revoked consent, to be called on their cellular telephones.

19.     All documents received from third parties that relate to this case, without regard to time.  Responsive materials would include, for example, responses to subpoenas.


                                                        /s/Alexander H. Burke

**BURKE LAW OFFICES, LLC**

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**INSTRUCTIONS AND DEFINITIONS**

**Definitions**

A. The term "document" includes, by way of illustration only and not by way of limitation, the following, whether printed or reproduced by any process, or written and/or produced by hand: ledgers; notes; correspondence; communications of any nature; telegrams; memoranda; notebooks of any character; summaries or records of personal conversations; diaries; reports; publications; photographs; microfilm, microfiche, and similar media; minutes or records of meetings; transcripts of oral testimony or statements; reports and/or summaries of interviews; reports and/or summaries of investigations; court papers; brochures; pamphlets; press releases; drafts of, or revisions of drafts of, or transcriptions of, any document; tape recordings; dictation belts; invoices; bills; accounting records; telephone toll records; and disks, tapes, and other magnetic or electronic information storage media. Any document or reproduction of a document bearing on any sheet or side thereof any marks, including by way of illustration only and not by way of limitation initials, stamped indicia, any comment or any notation of any character and not a part of the original text, is to be considered a separate document.

B. References to "you" or any named entity or individual include agents, employees, and attorneys of that person, whether or not acting within the scope of their authority; all other persons acting on behalf of the person referred to; and in the case of an entity, its merged or acquired predecessors.

C. "Person" includes any individual, corporation, partnership, joint venture, firm, association, proprietorship, governmental agency, board, authority, or commission, or other entity.

D. "Identify" or "identification," when used with respect to a person, means to state the name, last known address, telephone number, and if a corporation or other entity, the principal place of business of the person.

E. "Identify" or "identification," when used with respect to a document, means to state the general nature' of the document (i.e., letter, memorandum, etc.); the name of the author or originator; each addressee; all individuals designated on the document to receive a copy or otherwise known to have received a copy; the date, title, and general subject matter of the document; the present custodian of each copy thereof and the last known address of each such custodian; and the date of the making of the document.

F. "Communication" includes every manner or means of disclosure, transfer, or exchange of information, and every disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

G. "Identify" or "identification," when used with respect to a communication, means to state the date of the communication; the type of communication (i.e., telephone conversation,

meeting, etc.); the place where the communication took place; the identification of the person who made the communication; the identification of each person who received the communication and of each person present when it was made; and the subject matter discussed.

H. "Relates" includes constitutes, describes, discusses, ref1ects, refers to, and logically pertains to.

I. "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. §227 et seq, implementing regulations 47 C.F.R. 64.1200, and all valid FCC opinions interpreting such.

**Instructions**

1. All documents within your possession, custody, or control or that of your agents, employees, and attorneys shall be produced. Without limitation of the term "control" as used in the preceding sentence, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person having actual possession thereof.

2. To the extent any paragraph is objected to, please set forth all reasons for your objection.

3. If you prefer, you may provide legible copies of document that reflect all markings, notations, and highlighting on the originals.

4. Documents to be produced shall be either (1) organized as they are kept in the usual course of business or (2) organized and labeled to correspond with the paragraphs of the request for production.

5. The singular includes the plural number, and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

6. To the extent that any document cannot be furnished, such documents as are available shall be supplied, together with a description of the documents not furnished and the reason for not furnishing them.

7. "And" and "or" shall be interpreted to mean "and/or," so that said terms are given their broadest possible meaning.

8. If you are producing a document, you need not provide the information specified in paragraph E with respect to that document.

**CERTIFICATE OF SERVICE**

I, Alexander H. Burke, certify that on January 14, 2011, I served this document via email delivery to:

David M. Schultz dschultz@hinshawlaw.com
James Constantine Vlahakis    jvlahakis@hinshawlaw.com

/s/Alexander H. Burke

# Exhibit A

Nicholas Martin
PO Box 4030
Chicago, IL 60654-4030

August 13, 2010

**<u>VIA FASCIMILE TO 952-259-1133</u>**
Bureau of Collection Recovery
7575 Corporate Way
Eden Prairie, MN 55344-2022

Ladies and Gentlemen:

Please be advised that I dispute the claimed debt which might be the subject of your calls to my phone.

Please provide any contract or agreement I signed and an account history showing how you arrived at the conclusion that I owe the amounts claimed.

Furthermore, you are hereby requested, as required by the Uniform Commercial Code, to provide copies of assignments and other documents showing that you or your principal is in fact the assignee of the debt described above and that you are legally authorized to attempt to collect the claimed debt from me.

Unless and until such proof is furnished, I do not recognize any right on your part to attempt to collect any amount from me through any means whatever, including credit reporting. I refuse to pay any debt that has not been substantiated in the manner I request and direct you to cease further communications unless and until you can provide such substantiation.

In addition, please take notice that any phone calls are inconvenient. As such, please refrain from placing such calls.

Sincerely,

Nicholas Martin

```
                    ┌─────────────────────────────────────────┐
                    │  TRANSMISSION VERIFICATION REPORT         │
                    └─────────────────────────────────────────┘

                                             TIME  : 08/13/2010 09:07
                                             NAME  : GENERAL
                                             FAX   : 7734628552
                                             TEL   : 7734628552
                                             SER.# : BROE4J585570

   ┌──────────────────────────────────────────────────────────────────────┐
   │  DATE,TIME              08/13  09:07                                    │
   │  FAX NO./NAME           919522591133                                   │
   │  DURATION               00:00:15                                       │
   │  PAGE(S)                01                                             │
   │  RESULT                 OK                                             │
   │  MODE                   STANDARD                                      │
   │                         ECM                                           │
   └──────────────────────────────────────────────────────────────────────┘
```

Nicholas Martin
PO Box 4030
Chicago, IL 60654-4030

August 13, 2010

**VIA FASCIMILE TO 952-259-1133**
Bureau of Collection Recovery
7575 Corporate Way
Eden Prairie, MN 55344-2022

Ladies and Gentlemen:

Please be advised that I dispute the claimed debt which might be the subject of your calls
to my phone.

Please provide any contract or agreement I signed and an account history showing how
you arrived at the conclusion that I owe the amounts claimed.

Furthermore, you are hereby requested, as required by the Uniform Commercial Code, to
provide copies of assignments and other documents showing that you or your principal is
in fact the assignee of the debt described above and that you are legally authorized to
attempt to collect the claimed debt from me.

Unless and until such proof is furnished, I do not recognize any right on your part to
attempt to collect any amount from me through any means whatever, including credit
reporting. I refuse to pay any debt that has not been substantiated in the manner I request
and direct you to cease further communications unless and until you can provide such
substantiation.

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS MARTIN on behalf of himself and others similarly situated,: | ) ) ) | |
| Plaintiff, | ) ) ) | 1:10-cv-7725 |
| v. | ) ) ) | Judge St. Eve |
| BUREAU OF COLLECTION RECOVERY, LLC, | ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANTS' ANSWERS AND OBJECTIONS TO INTERROGATORIES NOS. 4,5,6, 7 & 8  AND REQUESTS TO PRODUCE NOS. 1, 3, 4, 5 AND 18**

NOW COMES the Defendant, BUREAU OF COLLECTION RECOVERY LLC , by and through its undersigned counsel, and pursuant to FRCP 33 and 34, responses to Interrogatories Nos. 4,5,6, 7 & 8  and Requests to Produce nos. 1, 3, 4, 5 and 18 of Plaintiff's First Set of Discovery:

**Interrogatories**

4.      Identify each telephone call to each of the following set of persons:

All persons with area code 630 telephone numbers who defendant or some person on its behalf called on their cell phone using a predictive dialer, Dialer and/or prerecorded or artificial voice, where defendant cannot show that it had the prior express consent of the called party, where any call was made between and including December 6, 2006, and December 6, 2010.

For purposes of this interrogatory, "identify" means to provide at least the following information: the number called, the person defendant was attempting to reach, the date and time of the calls, who or what dialed the telephone number, whether there was ever a human being on defendant's side of the telephone call, and what the outcome of the call was (e.g. whether the call was

answered, an automated or manual message left). Please provide this information in a format that is accessible through Concordance software.

**Answer**: Objection. This interrogatory is phrased as request to produce and contains numerous discrete subparts. Further objecting, Defendant states that this interrogatory seeks confidential and proprietary information. Further objecting, Defendant state that the identification of class members is premature prior to the certification this case. Further objecting, Defendant states that this request is overly burdensome to the extent that is seeks Defendant to answer, on a call-by-call basis, whether "who or what dialed the number, whether there was every a human being on defendant's side of the telephone call, and what the outcome of the call was . . . ." As phrased, this interrogatory would require Defendant to undertake over a hundred hours of analysis prior to formulating a call-by-call answer. Subject to and without waiving these objections, Defendant states that for the proposed class, it called approximately 5,134 persons' cell phones where the telephone numbers were obtained via skip traces. Given this answer, it is unnecessary for Defendant to go to the time and expense of producing the request materials given the time consuming and burdensome nature of this interrogaotyr.

5.     For each of the following persons, identify all data, documents, testimony, information or anything else that supports any claim that you had that person's prior express consent to call using an "automatic telephone dialing system" or prerecorded or artificial voice, and explain precisely how such data, documents, testimony or information supports such claim for each such person:

> All persons with area code 630 telephone numbers who defendant or some person on its behalf called on their cell phone using a predictive dialer, Dialer and/or prerecorded or artificial voice, where defendant cannot show that it had the prior express consent of the called party, where any call was made between and including December 6, 2006, and December 6, 2010.

2

**Answer**:  Defendant incorporates its answers and objections to Interrogatory No. 4. Subject to and without waiving these objections, Defendant states that this request is overly burdensome considering that fact that a class has yet to be certified and the Plaintiff has only recently filed an Amended Complaint which is now subject to a motion to dismiss.  To require Defendant to answer this Interrogatory would require Defendant to spend hundreds of hours reviewing each individual collection note, placement file and underling credit application and credit history. Such an undertaking demonstrates that a class should not and cannot be certified due to the fact that defenses to certification and post certification decertification would require Defendant to spend hundreds of hours performing account-by-account reviews.

6.      Identify and explain all policies, practices and procedures regarding use of automatic dialing systems, prerecorded voice messages and artificial voice messages and the complete history of each. Please include a detailed description of policy, practices or procedure the date it was first considered, the date it was implemented, all persons involved in its consideration, implementation and, if applicable, termination. Please respond to this interrogatory without regard to time; in other words, disregard the timeframe set forth in the instructions for these requests. If any policy, practice or procedure changed over time, please explain the changes, and provide a timeline for such.

**Answer**:  Defendant incorporates its answers and objections to Interrogatory No. 4. Further answering, Defendant notes that its answer to Interrogatory  identifies that it skip traced numbers.  Given this fact, it is overly burdensome for Defendant to respond to Interrogatory No. 7 at this time.

7.      Identify all documents, data and information that supports or refutes any claim or defense in this case, as to each class member.

3

**Answer**:  Defendant incorporates its answers and objections to Interrogatory Nos. 4 and 6

8.      Identify any third party involved with use or implementation of your Dialer or use of Prerecorded or artificial voice messages. A complete response would include, for example, any supplier of Dialer software or hardware (e.g. Avaya), any person that makes or made calls on your behalf during the class period (i.e. Soundbite or Livevox), and any person that supplied voice message services.

**Answer**:  Defendant incorporates its answers and objections to Interrogatory No. 7. Further objecting, Defendant notes that this request is premature.

### Discovery Requests

1.      All documents, records, data, recordings and other materials relating to plaintiff, or which are indexed, filed or retrievable under plaintiffs' names or any number, symbol, designation or code (such as an account number or Social Security number) assigned to plaintiff.

**Answer**:      Defendant has previously responded to this Request and had indicated that not sound recordings exist relative calls to and from Plaintiff.  Further, Defendant states that it does not have an copy of the cease and desist letter sent by Plaintiff (other than a copy forwarded by his counsel to defense counsel).  Subject to its prior responses, Defendant attached additional documents.  Investigation continues.

3.      All documents that support or refute any affirmative defense in this case.

**Answer**:      Defendant incorporates its answers and objections to Interrogatory Nos. 4, 5, 6, 7 and 8.  Investigation continues.

4.      All documents for any person responsive to interrogatory 4 and 5, including but not limited to identifying data, call records, prerecorded messages used and materials related to prior express consent.

4

**Answer**:     Defendant incorporates its answers and objections to Interrogatory Nos. 4 and 5.  Investigation continues.

5.     All documents, data or other materials referenced in your response to any discovery request in this case.

**Answer**:     Defendant incorporates its answers and objections to Interrogatory Nos. 4, 5, 6, 7 and 8.  Investigation continues.

18.     All documents relating to the maintenance by defendant of policies, practices or procedures adapted to avoid calling persons who did not consent, or revoked consent, to be called on their cellular telephones.

**Answer**:     Defendant incorporates its answers and objections to Interrogatory Nos. 4, 5, 6, 7 and 8.  Investigation continues.

By: s/ James C. Vlahakis
One of the Attorneys for Defendant BUREAU OF
COLLECTION RECOVERY LLC

David M. Schultz (Atty. No. 6197596)
James C. Vlahakis (Atty. No. 6230459)
Attorneys for Defendant
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
Phone No:  (312) 704-3000
Fax No:  (312) 704-3001
E-mail:dschultz@hinshawlaw.com
        jvlahakis@hinshawlaw.com

5

<u>**CERTIFICATE OF SERVICE**</u>

I, James C. Vlahakis, certify that on April 15, 2011, I served this document via email delivery to:

Alexander Burke at aburke@burkelawllc.com

By: <u>s/ James C. Vlahakis</u>
One of the Attorneys for Defendant
BUREAU OF COLLECTION RECOVERY LLC

130064575v1  0919293  07791