**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS MARTIN on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | 1:10-cv-7725 |
| v. | ) ) | Judge St. Eve |
| BUREAU OF COLLECTION RECOVERY, LLC, | ) ) ) | |
| Defendant. | ) ) | |

**REPLY IN SUPPORT OF MOTION TO DISMISS COUNT I AND III OF PLAINTIFF'S
AMENDED CLASS ACTION COMPLAINT**

 Defendant, BUREAU OF COLLECTION RECOVERY LLC, by and through its undersigned counsel, submits the following Reply in support of its Motion to Dismiss Count I and III of Plaintiff's Amended Class Action Complaint, and in support states as follows:

**I. Introduction**

 Having answered Count II of the original Complaint, Defendant has moved to Dismiss Counts I and III of Plaintiff's Amended Class Action Complaint. Count I alleges that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). In Counts II and III, Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). The parties have recently settled the FDCPA claims in Counts II and III on an individual basis. Accordingly, this Reply will be confined to the TCPA claim raised in Count I.

**II. Argument**

 To recap, the TCPA defines an "automatic telephone dialing system" as "equipment which has the capacity [A] to store or produce telephone numbers to be called, <u>using a random or sequential number generator</u>; and [B] to dial such numbers." § 227(a)(1)(A)-(B) (emphasis

supplied). Plaintiff does not dispute that the Amended Class Action Complaint, fails to track the express terms of the TCPA. Rather, Plaintiff's "Opposition to Motion to Motion to Dismiss" (docket 32), refers to a 2008 Federal Communication Commission ("FCC") Order which *broadens* the TCPA's statutory definition. Dkt. 32, pp. 1, 8. Plaintiff also argues that Defendant cannot contest the validity of the FCC before this Court. *Id.* Significantly, however, it was not until this Motion was filed, that Plaintiff asserted that he was attempting to invoke the FCC's broad interpretation of the term automatic telephone dialing system."

Plaintiff is correct as to these points.[1] The above points do not end this Court's analysis. First, paragraph 12 of Complaint relies on improper speculation – allegations premised upon "information and belief" that Defendant called Plaintiff with the dialers identified in the Complaint that were copied by Plaintiff off of a website allegedly maintained by the Public Utility Commission of Texas. Dkt. 32, pp. 2, 4-5, 11. Second, while courts may take judicial notice of public records on websites as a general matter, it is another thing for Plaintiff to argue that he was called with one or more of the devices in question. In fact, there is nothing in the attached document which authenticate whether Defendant even used the subject dialers to call Plaintiff.

Third, while Plaintiff is correct to state that he has produced certain recordings to Defendant of the calls he allegedly received, the record should reflect that the recordings were tendered to Defendant *after* the present Motion to Dismiss was filed. That said, the tender of recordings does not support Plaintiff's conclusory allegations that he was called with an

---

[1]     By filing this Motion to Dismiss, Defendant has attempted to preserve its rights to contest the validity of the FCC's order the extent another party moves to reconsider the FCC's order, the FCC's reconsiders its order, the TCPA is held to be unconstitutional or a higher court rules that a FCC order is no longer the "law of the land."

130104631v1  0919293  07791

autodialer as broadly defined by the FCC. Fourth, recordings of pre-recorded messages does not demonstrate that it is "plausible" that Plaintiff was called via a auto-dialing system.

In summary, Plaintiff's Complaint relies on too much speculation regarding the nature of the calls placed to him. For these reasons, the Complaint should be dismissed with leave to allege properly supported allegations.

WHEREFORE, for the reasons set forth above, Defendant BUREAU OF COLLECTION RECOVERY LLC respectfully requests that this Honorable Court dismiss Count I of Plaintiff's Amended Complaint.

By: s/ James C. Vlahakis
One of the Attorneys for Defendant BUREAU OF
COLLECTION RECOVERY LLC

David M. Schultz (Atty. No. 6197596)
James C. Vlahakis (Atty No. 6230459)
Attorneys for Defendant
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
Phone No: (312) 704-3000
Fax No: (312) 704-3001
E-mail:dschultz@hinshawlaw.com
        jvlahakis@hinshawlaw.com

3

130104631v1  0919293  07791

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 16, 2011 I electronically filed **Defendant's REPLY** with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

|  | By: <u>s/ James C. Vlahakis</u> |
|  | One of the Attorneys for Defendant |
|  | BUREAU OF COLLECTION RECOVERY LLC |

4