# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7725 | **DATE** | 6/13/2011 |
| **CASE TITLE** | Martin vs. Bureau of Collection Recovery | | |

**DOCKET ENTRY TEXT**

The Court grants Plaintiff's motion to compel class information and information concerning defenses [34]. BCR must produce the discovery at issue by no later than 7/15/11.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

On March 21, 2011, Plaintiff Nicholas Martin, on behalf of himself and others similarly situated, brought the pending Amended Class Action Complaint against Defendant Bureau of Collection Recovery, LLC ("BCR") alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Plaintiff specifically alleges that BCR called him on his cellular telephone more than sixty times using an "automatic telephone dialing system." Before the Court is Plaintiff's motion to compel BCR to provide discovery concerning BCR's affirmative defenses. For the following reasons, the Court, in its discretion, grants Plaintiff's motion. BCR must produce the discovery at issue by no later than July 15, 2011.

## LEGAL STANDARD

The federal discovery rules are liberal in order to assist in the preparation for trial and settlement of litigated disputes. *See Bond v. Utreras,* 585 F.3d 1061, 1075 (7th Cir. 2009); *see also Kodish v. Oakbrook Terrace Fire Prot. Dist.,* 235 F.R.D. 447, 450 (N.D. Ill. 2006) ("the scope of discovery should be broad in order to aid in the search for truth"). Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). "The burden rests upon the objecting party to show why a particular discovery request is improper." *Kodish,* 235 F.R.D. at 450. In the context of motions to compel, the Seventh Circuit instructs that a "district court may grant or deny the motion in whole or in part, and similar to ruling on a request for a protective order under Rule 26(c), the district court may fashion a ruling appropriate for the circumstances of the case." *Gile v. United Air Lines, Inc.,* 95 F.3d 492, 496 (7th Cir. 1996). As with all discovery matters, district courts have broad discretion in determining motions to compel. *See Peals v. Terre Haute Police Dept.,* 535 F.2d 621, 629 (7th Cir. 2008).

| | Courtroom Deputy Initials: | KF |
|---|---|---|

## BACKGROUND

In the present motion to compel, Plaintiff maintains that BCR recently informed counsel that it plans to raise the "prior express consent" affirmative defense, and that despite the parties' attempts to resolve this issue without the Court's interference, BCR has objected to turning over documents pertaining to this defense. The Court notes that BCR's corporate representative Christopher Moh's testimony at his May 17, 2011 deposition calls into question whether BCR had any information concerning the relevant debtors' express consent prior to the telephone calls at issue. (R. 43, Ex. C, Mohs Dep., at 30-31.) That being said, because BCR would not turn over the requested evidence and because BCR is asserting prior express consent as a defense, Plaintiffs thus filed the present motion to compel BCR to produce the class list and evidence related to BCR's affirmative defenses. The disputed interrogatories and document requests are as follows:

In Plaintiff's First Set of Discovery Requests, Interrogatory No. 4 reads as follows:

Identify each telephone call to each of the following set of persons:

> All persons with area code 630 telephone numbers who defendant or some person on its behalf called on their cell phone and used a prerecorded or artificial voice message, where defendant obtained the phone number called through skip tracing or other similar means and cannot show that it had the prior express consent of the called party, where any call was made between and including December 6, 2006, and December 6, 2010.

For purposes of this interrogatory, "identify" means to provide at least the following information: the number called, the person defendant was attempting to reach, the date and time of the calls, who or what dialed the telephone number, whether there was ever a human being on defendant's side of the telephone call, and what the outcome of the call was (e.g. whether the call was answered, an automated or manual message left). Please provide this information in a format that is accessible through Concordance software.

In Defendant's answers and objections to Plaintiff's First Set of Discovery Requests, Defendant answered Interrogatory No. 4 as follows:

Objection. This interrogatory is phrased as [a] request to produce and contains numerous discrete subparts. Further objecting, Defendant states that this interrogatory seeks confidential and proprietary information. Further objecting, Defendant state[s] that the identification of class members is premature prior to the certification this case. Further objecting, Defendant states that this request is overly burdensome to the extent that is seeks Defendant to answer, on a call-by-call basis, whether "who or what dialed the number, whether there was every a human being on defendant's side of the telephone call, and what the outcome of the call was . . . ." As phrased, this interrogatory would require Defendant to undertake over a hundred hours of analysis prior to formulating a call-by-call answer. Subject to and without waiving these objections, Defendant states that for the proposed class, it called approximately 5,134 persons' cell phones where the telephone numbers were obtained via skip traces. Given this answer, it is unnecessary for Defendant to go to the time and expense of producing the request materials given the time consuming and burdensome nature of this interrogaotyr [sic].

Interrogatory No. 5 states:

For each of the following persons, identify all data, documents, testimony, information or anything

else that supports any claim that you had that person's prior express consent to call using an "automatic telephone dialing system" or prerecorded or artificial voice, and explain precisely how such data, documents, testimony or information supports such claim for each such person:

> All persons with area code 630 telephone numbers who defendant or some person on its behalf called on their cell phone using a predictive dialer, Dialer and/or prerecorded or artificial voice, where defendant cannot show that it had the prior express consent of the called party, where any call was made between and including December 6, 2006, and December 6, 2010.

Defendant answered Interrogatory 5 as follows:

Defendant incorporates its answers and objections to Interrogatory No. 4. Subject to and without waiving these objections, Defendant states that this request is overly burdensome considering that fact that a class has yet to be certified and the Plaintiff has only recently filed an Amended Complaint which is now subject to a motion to dismiss. To require Defendant to answer this Interrogatory would require Defendant to spend hundreds of hours reviewing each individual collection note, placement file and underling credit application and credit history. Such an undertaking demonstrates that a class should not and cannot be certified due to the fact that defenses to certification and post certification decertification would require Defendant to spend hundreds of hours performing account-by-account reviews.

Plaintiff's Interrogatory No. 7 states: "Identify all documents, data and information that supports or refutes any claim or defense in this case, as to each class member." Defendant answers: "Defendant incorporates its answers and objections to Interrogatory Nos. 4 and 6." Defendant's answer to Interrogatory No. 6 states: "Defendant incorporates its answers and objections to Interrogatory No. 4. Further answering, Defendant notes that its answer to Interrogatory [No. 4] identifies that it skip traced numbers. Given this fact, it is overly burdensome for Defendant to respond to Interrogatory No. 7 at this time."

In Document Request No. 3, Plaintiff requested that Defendant produce: "All documents that support or refute any affirmative defense in this case." Defendant's answer to Document Request No. 3 states: " Defendant incorporates its answers and objections to Interrogatory Nos. 4, 5, 6, 7 and 8. Investigation continues."

In Document Request No. 4, Plaintiff requested that Defendant produce: "All documents for any person responsive to interrogatory 4 and 5, including but not limited to identifying data, call records, prerecorded messages used and materials related to prior express consent." In response, Defendant answered: "Defendant incorporates its answers and objections to Interrogatory Nos. 4 and 5. Investigation continues."

## ANALYSIS

The TCPA prohibits making "any call (other than a call made for emergency purposes or made with the *prior express consent* of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone[.]" *Powell v. West Asset Mgmt. Inc.*, ___ F.Supp.2d ___, 2011 WL 1126040, at *2 (N.D. Ill. Mar. 24, 2011) (quoting 47 U.S.C. § 227(b)(1)(A)(iii)) (emphasis added); *see also* 47 C.F.R. § 64.1200(a)(2). The FCC has concluded that a debt collector can establish "prior express consent" through showing that the called party provided the cellular telephone directly to the creditor, or to the debt collector, in connection with the particular debt. *See In re Rules & Regulations Implementing the TCPA,* CG 02-278, ¶¶ 9-11 (Jan. 4, 2008).

In response to the present motion to compel, BCR explains that Martin is a Plaintiff in over twenty consumer based lawsuits implying that this should defeat Plaintiff's motion to compel. Characterizing Plaintiff as a "professional plaintiff" does not boost BCR's argument in this discovery motion or any argument sin response to Plaintiff's motion for class certification. *See Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 954 (7th Cir. 2006).

Meanwhile, BCR also argues that it cannot produce discovery that is not within its custody or control, such as various third-party contracts, credit card agreements, and loan agreements. Judge Keys rejected a similar argument in *Fike v. The Bureaus*, 09 C 2258, because the third-parties at issue were the debt collector's clients, namely, the creditors. (R. 35, Appx. 3, *Fike v. The Bureaus*, 09 C 2258, 11/11/09 Tr. at 20.) In the context of a similar discovery request, Judge Cox reasoned:

> We also find unavailing defendant's argument that it does not possess these documents itself, but will have to obtain them at great expense from third parties. If defendant does not have documents or other information which substantiates the defense it is difficult to fathom why it interposed that defense in the first place. If defendant cannot substantiate this defense with documents or information responsive to the interrogatory, it should say so under verification and withdraw that defense.

(10 C 1846, R. 121, 11/9/10 Minute Order, at 1.) Likewise, Judge Guzman rejected a debt collector's discovery objection as follows: "Unless NCO [the debt collector] never intended to, and will not, assert a consent defense to the putative class claims – an assertion it does not make – it should have marshaled the evidence in support of that defense long ago." (09 C 2264, R. 70, 1/2/10 Minute Order, at 2.) The Court agrees with Judges Keys and Cox that if BCR intends on asserting the prior express consent, this evidence should be readily accessible from its clients. Also, as Judge Guzman reasoned, because BCR is asserting this defense, it will have to garner this evidence for its own purposes. Accordingly, BCR's argument that discovery that is not within its custody or control of this evidence is unavailing.

Next, BCR maintains that Plaintiff did not argue that he needed additional discovery to move forward on his class certification motion, and thus "[t]his concession alone, supports the outright denial of Plaintiff's motion to compel." As Plaintiff clearly explains in the present motion to compel, he seeks this evidence based on BCR's recent assertion of the prior express consent defense. In particular, this discovery is not only relevant to the merits of BCR's affirmative defense, but it will demonstrate that each class member is like Plaintiff as to this defense. As such, the Court rejects BCR's argument that this discovery should be postponed until after the disposition of the class certification motion. Moreover, the Court will address BCR's arguments that go to the merits of Plaintiff's motion for class certification within the context of that motion.

Finally, BCR contends that is should not be compelled to produce the evidence at issue because it is overly burdensome based on the highly detailed information concerning over five thousand persons on a call-by-call basis. BCR must do more than say that this discovery is overly burdensome, it must support this argument with specific evidence as to the nature of the burden. *See Tequila Centinela, S.A. de C.V. v. Bacardi & Co., Ltd.*, 242 F.R.D. 1, 10 (D.D.C. 2007) ("the Court only entertains an unduly burdensome objection when the responding party demonstrates how the document is 'overly broad, burdensome, or oppressive, by submitting affidavits or offering evidence which reveals the nature of the burden.'") (citation omitted). Therefore, BCR's overly broad argument fails.