**DIN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

NICHOLAS MARTIN on behalf of himself and
others similarly situated,:

       Plaintiff,

v.

BUREAU OF COLLECTION RECOVERY,
LLC,

       Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

1:10-cv-7725

JURY DEMANDED

## ANSWER TO COUNT I OF AMENDED COMPLAINT

NOW COMES the Defendant, BUREAU OF COLLECTION RECOVERY, LLC, ("Defendant"), by and through its undersigned counsel, and for its Answer to Count I Plaintiffs' Amended Complaint, states as follows:

## CLASS ACTION

1.    Plaintiff Nicholas Martin brings this action against Bureau of Collection Recovery, LLC ("BCR") to secure redress for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.

**Answer:**    Defendant admits that Plaintiff currently brings this action against Defendant to secure redress for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), but denies that it has violated the TCPA. Further answering, Defendant states that the parties have settled the FDCPA claims in Counts II and III.

2.    The defendant debt collection agency has engaged in multiple impermissible autodialed and prerecorded message "robocalls" to plaintiff and others' cell phones, in violation of 47 U.S.C. §227(b). It called plaintiff on his cellular telephone more than sixty times. More

than forty of those calls were made using the challenged equipment after BCR had received a communication from plaintiff requesting that he not be contacted by telephone requested that he not be contacted by telephone.

**Answer:**     Objection, this paragraph calls for a legal conclusion to the extent that it alleges that the calls in question violated 47 U.S.C. §227(b).  Defendant also objects to the vague and undefined terms "autodialed" and "robocalls."   To the extent an answer is required, Defendant admits that it is a debt collector and that it has engaged in multiple prerecorded message calls to plaintiff and others' cell phones that were made by dialing technology that relied on computer programs to place calls to numbers that were loaded into the computer by Defendant's employees.  Defendant admits that it called a number that Plaintiff claims is his cellular phone at least 60 times.  Based upon an exhaustive review, Defendant denies that approximately 40 calls were placed after Plaintiff claims that it received a communication from plaintiff requesting that he not be contacted by telephone.  Defendant denies the remaining allegations, and in particular denies that its conduct violated  47 U.S.C. §227(b).

3.     What is more, none of the nineteen prerecorded messages BCR left on plaintiff's cellular telephone voice mail for which plaintiff has copies disclose that BCR is a debt collection agency, as required by the FDCPA, 15 U.S.C. §1692e(11).

**Answer:**     No answer is required given the fact that Plaintiff's FDCPA claims have been dismissed.

## JURISDICTION AND VENUE

4.     The Court has federal question jurisdiction over the FDCPA and TCPA claims. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005). If Brill were to be abrogated or overruled, there is supplemental jurisdiction over the TCPA claims.

130116560v1  0919293  07791

**Answer:** Defendant admits that Defendant the Court had federal question jurisdiction over the FDCPA claims. Defendant denies the remaining allegations.

5.    Venue is proper because a substantial portion of the events complained of occurred in this District.

**Answer:** Without waiving its objection to federal question jurisdiction, Defendant admits that venue is proper in this District.

## PARTIES

6.    Plaintiff is an individual who resides in this District. Plaintiff's cellular telephone number is 530-xxx-3271.

**Answer:** Defendant admits that Plaintiff testified consistent with these allegations.

7.    BCR is a debt collection agency located in Minnesota.

**Answer:** Admitted.

## FACTS

8.    The TCPA prohibits the use of "automatic telephone dialing systems" to call cellular telephones. 47 U.S.C. §227.

9.    **Answer**: Defendant admits that the TCPA prohibits the use of "automatic telephone dialing systems" to call cellular telephones in the absence of consent.

10.    BCR used an automatic telephone dialing system to call plaintiff and the class, in violation of the TCPA.

**Answer:** Objection, this request calls for a legal conclusion to the extent that it contends that Defendant's conduct violated the TCPA. Further objecting, Defendant denies that

3

is used an "automatic telephone dialing system" as defined by the TCPA statute to call plaintiff and the class.

10.    BCR left recorded messages for plaintiff and the class, which constituted independent violations of the TCPA, regardless of whether an automatic telephone dialing system was used.

**Answer**:    Objection, this request calls for a legal conclusion to the extent that it contends that Defendant's conduct violated the TCPA.    Subject to and without waiving this objection, Defendant admits that it left recorded messages for plaintiff and certain purported class members.

11.    For purposes of this complaint, the term "Dialer" refers to a system that has the capacity to dial numbers without human intervention. In other words, the Dialer, rather than a human being, dials the telephone numbers.

**Answer**:    Defendant admits that Plaintiff contends that "For purposes of this complaint, the term "Dialer" refers to a system that has the capacity to dial numbers without human intervention. In other words, the Dialer, rather than a human being, dials the telephone numbers."    Defendant, however, does not admit that this is a proper definition of the term "Dialer."

12.    Upon information and belief, based upon Exhibit A, BCR has at least four telephone systems that it uses for calling debtors, all of which are located in Minnesota; two in Edina, Minnesota and two in Eden Prairie, Minnesota.

**Answer**:    Defendant admits that it has telephone systems that it uses for calling debtors which are located in Minnesota.  Defendant denies the remaining allegations.

4

13.     Each of BRC's four "Avaya" telephone systems listed in Exhibit A are "Dialers" as defined above.

**Answer**: Defendant admits that it utilizes Avaya telephone systems which dial preselected numbers that have been programmed into the phone system by employees of Defendant.  Defendant denies the remaining allegations.

14.     Upon information and belief, most of the telephone calls made through BCR's Dialers are made as part of a dialing campaign. This means that a representative of BCR selects a group of persons or accounts to call based upon certain criteria.

**Answer**:       Admitted.

15.     Upon information and belief, the Dialer(s) are capable of deciding when a debt collection call will likely be effective to collect a debt for a particular debtor/number (for example, when the debtor is likely near her telephone), and dials the telephone numbers according to this determination. The dialers are thus capable of deciding when to dial a call.

**Answer**: Denied.

16.     When someone answers a call made during a campaign, either the call is forwarded to an operator (likely to happen if there is an operator available), or a prerecorded message is played, as what happened with BCR's call to plaintiff on November 5, 2010, even though plaintiff answered the call. Upon information and belief, the dialer was programmed so that none of the calls to plaintiff would have been transferred to a live agent had plaintiff answered.

**Answer**:       Defendant admits that depending on the circumstances, "[w]hen someone answers a call made during a campaign, either the call is forwarded to an operator (likely to happen if there is an operator available), or a prerecorded message is played."  Defendant lacks

5

knowledge or information sufficient to admit or deny what happened with BCR's call to plaintiff on November 5, 2010, or whether plaintiff answered the call. Defendant denies the remaining allegations.

17.     Plaintiff's cellular telephone number is 630-xxx-3271. Plaintiff owns this phone, and is the only person listed as a subscriber for this cellular telephone account. There are no other phone lines on this account.

**Answer**:     Defendant admits that Plaintiff testified consistent with these allegations.

18.     BCR received plaintiff's cellular phone number, 630-xxx-3271, through performance of an Inovis skip trace. BCR did not receive this phone number from any creditor and did not receive this number from plaintiff directly.

**Answer**:     Admitted.

19.     BCR called plaintiff at 630-xxx-3271 using its Dialer on 7/12/2010 at approximately 12:55.

**Answer**:     Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

20.     BCR called plaintiff at 630-xxx-3271 using its Dialer on 7/13/2010 at approximately 12:41. BCR played an automated message during this call.

**Answer**:     Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

21.     BCR called plaintiff at 630-xxx-3271 using its Dialer on 7/14/2010 at approximately 13:22. BCR played an automated message during this call.

130116560v1  0919293  07791

**<u>Answer</u>**:    Admitted

22.    BCR called plaintiff at 630-xxx-3271 using its Dialer on 7/15/2010 at approximately 12:16. BCR played an automated message during this call.

**<u>Answer</u>**:    Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

23.    BCR called plaintiff at 630-xxx-3271 using its Dialer on 7/16/2010 at approximately 14:34. BCR played an automated message during this call.

**<u>Answer</u>**:    Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

24.    BCR called plaintiff at 630-xxx-3271 using its Dialer on 7/19/2010 at approximately 12:18.

**<u>Answer</u>**:    Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

25.    BCR called plaintiff at 630-xxx-3271 using its Dialer on 7/20/2010 at approximately 12:21. BCR played an automated message during this call.

**<u>Answer</u>**:    Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

26.    BCR called plaintiff at 630-xxx-3271 using its Dialer on 7/21/2010 at approximately 11:24. BCR played an automated message during this call.

130116560v1 0919293 07791

**Answer**:        Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

27.      BCR called plaintiff at 630-xxx-3271 using its Dialer on 7/22/2010 at approximately 14:07. BCR played an automated message during this call.

**Answer**:        Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

28.      BCR called plaintiff at 630-xxx-3271 using its Dialer on 7/23/2010 at approximately 18:47. BCR played an automated message during this call.

**Answer**:        Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

29.      BCR called plaintiff at 630-xxx-3271 using its Dialer on 7/26/2010 at approximately 12:57. BCR played an automated message during this call.

**Answer**:        Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

30.      BCR called plaintiff at 630-xxx-3271 using its Dialer on 7/27/2010 at approximately 13:18. BCR played an automated message during this call.

**Answer**:        Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

130116560v1  0919293  07791

31.     BCR called plaintiff at 630-xxx-3271 using its Dialer on 7/28/2010 at approximately 15:10. BCR played an automated message during this call.

**Answer**:     Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

32.     BCR called plaintiff at 630-xxx-3271 using its Dialer on 7/29/2010 at approximately 13:10. BCR played an automated message during this call.

**Answer**:     Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

33.     BCR called plaintiff at 630-xxx-3271 using its Dialer on 8/2/2010 at approximately 11:17. BCR played an automated message during this call.

**Answer**:     Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

34.     BCR called plaintiff at 630-xxx-3271 using its Dialer on 8/3/2010 at approximately 12:41.

**Answer**:     Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

35.     BCR called plaintiff at 630-xxx-3271 using its Dialer on 8/4/2010 at approximately 20:18.

130116560v1  0919293  07791

**Answer**:        Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

36.    BCR called plaintiff at 630-xxx-3271 using its Dialer on 8/5/2010 at approximately 17:30. BCR played an automated message during this call.

**Answer**:        Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

37.    BCR called plaintiff at 630-xxx-3271 using its Dialer on 8/6/2010 at approximately 17:30. BCR played an automated message during this call.

**Answer**:        Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

38.    BCR called plaintiff at 630-xxx-3271 using its Dialer on 8/10/2010 at approximately 15:41. BCR played an automated message during this call.

**Answer**:        Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

39.    BCR called plaintiff at 630-xxx-3271 using its Dialer on 8/11/2010 at approximately 19:34. BCR played an automated message during this call.

**Answer**:        Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

130116560v1  0919293  07791

40.     On August 13, 2010, BCR received a phone call with respect to the alleged debt of plaintiff. This call was initiated by plaintiff.

**Answer**:     Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

41.     Plaintiff told the BCR representative that it should change its address for him, and that he could be reached by mail at a post office box address. The representative told plaintiff that a validation letter would be sent to that address, and indicated that plaintiff's address had been updated in defendant's system.

**Answer**:     No answer is required as Plaintiff's FDCPA claims have been dismissed.

42.     On August 13, 2010, BCR already had plaintiff's PO box address in its system, but had never sent a notice of plaintiff's validation or verification rights pursuant to § 1692g to that address.

**Answer**:     No answer is required as Plaintiff's FDCPA claims have been dismissed.

43.     BCR again placed plaintiff's PO box address into its computer system. BCR did not send a validation letter to plaintiff's new address within five days of this communication. In fact, BCR never sent a validation letter to the PO box address plaintiff provided to BCR.

**Answer**:     No answer is required as Plaintiff's FDCPA claims have been dismissed.

44.     That same day, August 13, 2010, after the phone call, plaintiff made a written demand, via facsimile, that BCR cease calling him .

**Answer**:  Admitted.

11

45.     Plaintiff's fax requested verification of the debt, and also stated, among other things, "please take notice that any phone calls are inconvenient. As such, please refrain from placing such calls."

**Answer**: Admitted.

46.     The fax number plaintiff used was that which BCR holds out as its proper facsimile number with the Minnesota Department of Commerce: 952-259-1133. Upon information and belief, this is defendant's correct fax number.

**Answer**: Admitted.

47.     Upon information and belief, based upon the fax transmission verification report, defendant received this fax on August 13, 2010.

**Answer**: Denied.

48.     Despite having received the fax, defendant called plaintiff on numerous occasions as delineated below, and never properly validated or verified the alleged debt.

**Answer**:  Defendant denies receiving the fax but admits that it called plaintiff after plaintiff claims to have sent the fax in question.  No answer is required as to the remaining allegations because plaintiff's FDCPA claims have been dismissed.

49.     BCR called plaintiff at 630-xxx-3271 using its Dialer on 8/13/2010 at approximately 17:20.

**Answer**:  Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

50.     BCR called plaintiff at 630-xxx-3271 using its Dialer on 8/16/2010 at approximately 19:23.

130116560v1  0919293  07791

**Answer**: Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

51. BCR called plaintiff at 630-xxx-3271 using its Dialer on 8/17/2010 at approximately 20:22.

**Answer**: Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

52. BCR called plaintiff at 630-xxx-3271 using its Dialer on 8/19/2010 at approximately 19:05.

**Answer**: Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

53. BCR called plaintiff at 630-xxx-3271 using its Dialer on 8/20/2010 at approximately 18:38.

**Answer**: Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

54. BCR called plaintiff at 630-xxx-3271 using its Dialer on 8/23/2010 at approximately 17:12. BCR played an automated message during this call.

**Answer**: Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

130116560v1  0919293  07791

55.    BCR called plaintiff at 630-xxx-3271 using its Dialer on 8/24/2010 at approximately 18:23.

**Answer**:  Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

56.    BCR called plaintiff at 630-xxx-3271 using its Dialer on 8/25/2010 at approximately 15:32.

**Answer**:  Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

57.    BCR called plaintiff at 630-xxx-3271 using its Dialer on 8/26/2010 at approximately 15:28.

**Answer**:  Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

58.    BCR called plaintiff at 630-xxx-3271 using its Dialer on 8/27/2010 at approximately 15:23.

**Answer**:  Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

59.    BCR called plaintiff at 630-xxx-3271 using its Dialer on 8/30/2010 at approximately 19:37.

14

**Answer**:  Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

60.   BCR called plaintiff at 630-xxx-3271 using its Dialer on 8/31/2010 at approximately 19:23.

**Answer**:  Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

61.   BCR called plaintiff at 630-xxx-3271 using its Dialer on 9/2/2010 at approximately 16:33.

**Answer**:  Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

62.   BCR called plaintiff at 630-xxx-3271 using its Dialer on 9/3/2010 at approximately 16:44. BCR played an automated message during this call.

**Answer**:  Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits and that it played an automated message during this call.

63.   BCR called plaintiff at 630-xxx-3271 using its Dialer on 9/7/2010 at approximately 20:07.

130116560v1  0919293  07791

**Answer**: Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

64. BCR called plaintiff at 630-xxx-3271 using its Dialer on 9/8/2010 at approximately 16:56.

**Answer**: Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

65. BCR called plaintiff at 630-xxx-3271 using its Dialer on 9/10/2010 at approximately 15:47.

66. BCR called plaintiff at 630-xxx-3271 using its Dialer on 9/12/2010 at approximately 16:07.

**Answer**: Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

67. BCR called plaintiff at 630-xxx-3271 using its Dialer on 9/14/2010 at approximately 16:08.

**Answer**: Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

68. BCR called plaintiff at 630-xxx-3271 using its Dialer on 9/15/2010 at approximately 20:28.

130116560v1 0919293 07791

**Answer**: Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

69. BCR called plaintiff at 630-xxx-3271 using its Dialer on 9/16/2010 at approximately 19:27.

**Answer**: Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

70. BCR called plaintiff at 630-xxx-3271 using its Dialer on 9/20/2010 at approximately 16:45.

**Answer**: Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

71. BCR called plaintiff at 630-xxx-3271 using its Dialer on 9/21/2010 at approximately 18:17. BCR played an automated message during this call.

**Answer**: Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits and that it played an automated message during this call..

72. BCR called plaintiff at 630-xxx-3271 using its Dialer on 9/22/2010 at approximately 17:16. BCR played an automated message during this call.

**Answer**: Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was

imputed into its database and called without a human dialing the digits and that it played an automated message during this call..

73.     BCR called plaintiff at 630-xxx-3271 using its Dialer on 9/23/2010 at approximately 14:51.

**Answer**:  Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

74.     BCR called plaintiff at 630-xxx-3271 using its Dialer on 9/24/2010 at approximately 9:49.

**Answer**:  Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

75.     BCR called plaintiff at 630-xxx-3271 using its Dialer on 9/27/2010 at approximately 10:05.

76.     BCR called plaintiff at 630-xxx-3271 using its Dialer on 9/28/2010 at approximately 16:17.

**Answer**:  Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

77.     BCR called plaintiff at 630-xxx-3271 using its Dialer on 9/29/2010 at approximately 9:00.

130116560v1  0919293  07791

**Answer**: Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

78. BCR called plaintiff at 630-xxx-3271 using its Dialer on 9/30/2010 at approximately 19:56.

**Answer**: Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

79. BCR called plaintiff at 630-xxx-3271 using its Dialer on 10/4/2010 at approximately 9:43.

**Answer**: Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

80. BCR called plaintiff at 630-xxx-3271 using its Dialer on 10/5/2010 at approximately 19:20.

**Answer**: Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

81. BCR called plaintiff at 630-xxx-3271 using its Dialer on 10/7/2010 at approximately 12:04.

**Answer**: Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

130116560v1 0919293 07791

82.     BCR called plaintiff at 630-xxx-3271 using its Dialer on 10/12/2010 at approximately 10:16.

**Answer**:  Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

83.     BCR called plaintiff at 630-xxx-3271 using its Dialer on 10/13/2010 at approximately 15:38.

**Answer**:  Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

84.     BCR called plaintiff at 630-xxx-3271 using its Dialer on 10/20/2010 at approximately 19:06.

**Answer**:  Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

85.     BCR called plaintiff at 630-xxx-3271 using its Dialer on 11/2/2010 at approximately 20:16.

**Answer**:  Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

86.     BCR called plaintiff at 630-xxx-3271 using its Dialer on 11/5/2010 at approximately 9:20. BCR played an automated message when plaintiff answered this call.

130116560v1  0919293  07791

**Answer**:  Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits and that it played an automated message when plaintiff answered this call.

87.    BCR called plaintiff at 630-xxx-3271 using its Dialer on 11/17/2010 at approximately 19:18. BCR played an automated message during this call.

**Answer**:  Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits and that it played an automated message when plaintiff answered this call.

88.    BCR called plaintiff at 630-xxx-3271 using its Dialer on 11/18/2010 at approximately 19:32.

**Answer**:  Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

89.    BCR called plaintiff at 630-xxx-3271 using its Dialer on 11/29/2010 at approximately 19:08.

**Answer**:  Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

90.    BCR called plaintiff at 630-xxx-3271 using its Dialer on 11/30/2010 at approximately 20:16. BCR played an automated message during this call.

130116560v1  0919293  07791

**Answer**: Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

91. This lawsuit was originally filed on December 6, 2010.

**Answer**: Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

92. BCR called plaintiff at 630-xxx-3271 using its Dialer on 12/7/2010 at approximately 15:21.

**Answer**: Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

93. This lawsuit was served upon BCR's registered agent on December 10, 2010.

**Answer**: Admitted.

94. BCR called plaintiff at 630-xxx-3271 using its Dialer on 12/13/2010 at approximately 18:10. BCR played an automated message during this call.

**Answer**: Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits and that it played an automated message when plaintiff answered this call.

95. In addition, there are almost certainly more calls of which plaintiff is not aware.

**Answer**: Admitted.

96. Upon information and belief, BCR used one of the Dialers described in Exhibit A

130116560v1 0919293 07791

for each of the calls listed above.

**Answer**:   Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called Plaintiff's alleged number after this number was imputed into its database and called without a human dialing the digits.

97.    Upon information and belief, BCR's policy practice and procedure is to have its dialer call a phone number designated as a "wrong number" at least once after BCR knows the number is a wrong number.

**Answer**: Denied.

98.    Any calls to cell phones made with a Dialer or where a recorded message was used that were dialed *after* BCR was on notice that the number dialed was a "wrong number" would be class members.

**Answer**: Denied.

99.    There are more than 10,000 persons that fall within the following criteria:
Persons with area code 630 cell phone numbers that defendant or some person on its behalf called between and including December 6, 2006, and December 6, 2010.

**Answer**: Admitted.

100.    Upon information and belief, defendant has called more than 100 cellular numbers within the 630 area code in 2010, using one of its Dialers.

**Answer**:       Defendant denies that Plaintiff has accurately defined its phone system. Defendant, however, admits that it called more than 100 cellular numbers within the 630 area code in 2010, after the subject numbers were imputed into its database and called without a human dialing the digits..

130116560v1  0919293  07791

## COUNT I – TCPA

101.    Plaintiff incorporates all previous paragraphs of this complaint.

**Answer**:  Defendant incorporates all previous objections and answers of this Amended Complaint.

102.    It is a violation of the TCPA, 47 U.S.C. §227(b) to call a person's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice message.

**Answer**:  Defendant denies that Plaintiff has accurately paraphrased the TCPA.

103.    Plaintiff and the class are entitled to have their rights, status and legal relations under the TCPA relating to defendant's calling of cell phones using an automatic dialing system and/or artificial or prerecorded voice message.

**Answer**:  This paragraph is confusing and inartfully drafted.  To the extent an answer is required, Defendant denies these allegations as phrased.

104.  The defendant's calls were negligent, or alternatively, they were willful. 47 U.S.C. §312(f)(1).

**Answer**:  Defendant admits that its calls were unintentional  and denies the remaining allegations.

### Class Allegations

105.    Plaintiff brings Count I on behalf of a class and a subclass, which consists of:

> All persons with area code 630 telephone numbers who defendant or some person on its behalf called on their cell phone and used a prerecorded or artificial voice message, where defendant obtained the phone number called through skip tracing or other similar means and cannot prove that it had the prior express consent of the called party, where any call was made between and including December 6, 2006, and December 6, 2010.  Plaintiff alleges a subclass of persons who defendant called using the proscribed equipment after defendant had been instructed to stop calling.

24

**Answer**:  Admitted.

106.    Although the class is defined to include only persons who received prerecorded or artificial voice messages, that distinction is for class definition purposes, only. Plaintiff seeks damages for both violations arising out of making calls using an "automatic telephone dialing system" and prerecorded or artificial voice message, for each call to any class member.

**Answer**:  Defendant admits that Plaintiff has alleged the following:  "Although the class is defined to include only persons who received prerecorded or artificial voice messages, that distinction is for class definition purposes, only. Plaintiff seeks damages for both violations arising out of making calls using an "automatic telephone dialing system" and prerecorded or artificial voice message, for each call to any class member."  Defendant, however denies that the purported class can obtain two recoveries.

107.    Upon information and belief, based upon industry practices, defendant called more than 100 cell phone numbers with 630 area codes during 2010, where defendant obtained the cell phone number through a skip trace.

**Answer**:  Admitted.

108.    Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiff. Such questions common to the Class include, but are not limited to:

a. Whether defendant used an automatic telephone dialing system or prerecorded or artificial voice message as those terms are defined in the TCPA and applicable FCC regulations and orders;

 b.   Whether obtaining a cellular telephone number through a skip trace, or means other than directly from the debtor, constitutes "prior express consent" for defendant to call that

25

number using an automatic telephone dialing system or prerecorded or artificial voice; and

c.      Damages, including whether the violation was willful.

**Answer**:  Denied.

109.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing his claims vigorously, and has retained counsel competent and experienced in class and complex litigation.

**Answer**:  Defendant admits that Plaintiff has retained counsel experienced in class action lawsuits.  Defendant denies the remaining allegations.

110.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

**Answer**:  Denied.

111.    No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

**Answer**:  Denied.

112.    Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely

130116560v1  0919293  07791

create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

**Answer**:  Denied.

113.    The identity of the class is likely readily identifiable from defendant's records.

**Answer**:  Denied.

114.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

**Answer**:  Denied.

WHEREFORE, Defendant, BUREAU OF COLLECTION RECOVERY, LLC, denies that Plaintiff is entitled to the relief that he seeks, individually and on behalf of the class he purports to represent and respectfully requests that this Court deny the relief sought and enter judgment in Defendant's favor and against Plaintiff and award Defendant its fees and costs.

## AFFIRMATIVE DEFENSES

### I.  Due Process Clause of the Fifth Amendment to the United States Constitution

1.    The TCPA allows a person to recover actual damages resulting from a violation of the statute or to receive $500.00 per violation, whichever is greater. The TCPA also provides for the trebling of damages if the violation was willful.  47 U.S.C. §227.

2.    Where TCPA classes were certified and the classes contained several thousand people, Defendant's liability to the classes potentially could be so great as to result in its insolvency.

3.    The liability that Defendant stands to possibly incur pursuant to the damages claimed by Plaintiffs on behalf of the putative classes that they desire to represent is grossly

130116560v1  0919293  07791

disproportionate to the actual harm suffered by any individual putative class member, if any, such that the due process clause of the Fifth Amendment to the United States Constitution is violated.

4.    The due process clause of the Fifth Amendment to the United States Constitution prohibits an award of damages that would result in Defendant's insolvency, especially where, as here, the conduct that allegedly violated the TCPA did not cause actual injury or damages to the Plaintiffs or putative class members.  *See Murray v. GMAC,* 434 F.3d 948 (7th Cir. 2006) *citing State Farm Mut. Auto Ins. Co. v. Campbell,* 538 U.S. 408 (2003).

## II.  Lack of Subject Matter Jurisdiction

6.    This Court lacks subject matter jurisdiction of this action under the TCPA.

7.    The TCPA provides that a person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State, an action for an injunction and/or damages.  47 U.S.C. § 227(b)(3).

8.    The TCPA does not provide for federal jurisdiction.

9.    Several Courts of Appeals have ruled that a TCPA action may be brought only in state court, while some hold that a federal court can hear TCPA cases based upon diversity of citizenship.  While *Brill v. Countrywide Home Loans, Inc*., 427 F.3d 446 (7th Cir. 2005) states that a TCPA claim may be brought in a federal district court, the United States Supreme Court has not yet ruled on this issue of subject matter jurisdiction of actions under the TCPA.

10.    Congress, in the TCPA, has legislated that actions under the TCPA shall be brought in state court if otherwise permitted by the laws or rules of court of a State.  The TCPA provides that alleged claims such as those alleged by Plaintiffs or those of putative class members should be brought in state court if otherwise permitted by the laws or rules of court of a State.

130116560v1  0919293  07791

11.     The Federal Communications Commission ("FCC") has indicated that a TCPA claim should be brought in state court.  *In re: Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C.R. 14014 (FCC 2003) 18 FCC Rcd. 14041, 2003 WL 21517853, at *70.

12.     *Brill* was contrary to the FCC's position in the above FCC Order and 47 U.S.C. §402, the Hobbs Act.

### III. Arbitration

13.     On information ant belief, if the terms and conditions in documents related to Plaintiff's cell phone contained an arbitration clause, then this action should be dismissed and the dispute should be submitted to arbitration.

14.     Arbitration may be the appropriate venue for Plaintiff's alleged claims, as Defendant may possess certain arbitration rights based on contracts entered into by Plaintiff or based on other documents, and this matter may be precluded from proceeding in this United States District Court.

15.     To the extent members of the putative classes are subject to arbitration clauses, their alleged claims should be arbitrated.

### IV. Class Waiver

16.     On information ant belief, if the terms and conditions in documents related to Plaintiff's cellular phone contained a class waiver, Plaintiff cannot bring this purported class action suit, cannot be class representative, cannot be member of any putative class, and have waived any such rights.

17.     Plaintiff may not be able to bring this putative class action, as he may have waived any rights to be class representative or to be members of any classes in contracts entered into by Plaintiff or in other documents.

18.     To the extent members of the putative classes are subject to class waivers, they cannot be members of the putative classes or class representatives and cannot bring this action or this type of action, *i.e.* a TCPA action.

## VI.  Statute of Limitations

19.     The Plaintiffs' and any putative class members' alleged claims are barred by the two-year statute of limitation in 735 ILCS 5/13-202.

## VII.  Consent

20.     If any of the members of the putative class gave prior express consent to the original creditor or to Defendant, those members have no TCPA claim.

21.     This affirmative defense is asserted in the alternative to Defendant's argument and position that lack of consent is an element of a TCPA claim as to which Plaintiff has the burden of proof.

## VIII.  Setoff

22.     To the extent any alleged claims by members of the putative class are subject to the doctrine of setoff or recoupment, the amounts owed on the underlying debt should be setoff against their alleged damages.

WHEREFORE, Defendant BUREAU OF COLLECTION RECOVERY, LLC requests that this Court enter judgment in its favor and against Plaintiff, dismiss the Amended Complaint-Class Action and this action with prejudice, dismiss the alleged class action claims with

130116560v1  0919293  07791

prejudice, award Defendant its costs of this action, and award Defendant such other and further

relief as the Court deems just and proper.


By: s/ James C. Vlahakis
One of the Attorneys for Defendants
BUREAU OF COLLECTION RECOVERY,
LLC.

David M. Schultz (Atty. No. 6197596)
James C. Vlahakis (Atty No. 6230459)
Attorneys for Defendants
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
Phone No:  (312) 704-3000
Fax No:  (312) 704-3001
E-mail:dschultz@hinshawlaw.com
        jvlahakis@hinshawlaw.com

130116560v1  0919293  07791

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 24, 2011 I electronically filed **Defendants' Answer to Plaintiff's Amended Complaint** with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

By: <u>s/ James C. Vlahakis</u>
One of the Attorneys for Defendant
BUREAU OF COLLECTION RECOVERY,
LLC.

130116560v1  0919293  07791